900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Macneal JOHNSON, Defendant-Appellant.
 No. 89-1570.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Johnson and two other men were arrested by Saginaw, Michigan police officers who saw their van parked illegally on a city street. When the policemen approached the van, they noticed the passenger in the front seat, Johnson, move his left arm as if to slip something behind him. The passenger in the back seat made a similar motion, and police asked all three men to step out of the car.
 
 
 2
 They found a loaded .33 revolver in the waistband of the backseat passenger's pants, arrested him, and took him and the driver of the van to the patrol car. A few minutes later one of the policemen saw a loaded .357 magnum pistol lying on the passenger seat in which Johnson had been sitting. Johnson was then arrested. His fingerprints were found on one of the bullets in the pistol, but no fingerprints were found on the gun itself. The police determined that the .357 magnum was registered to Johnson's wife.
 
 
 3
 Johnson was indicted by a grand jury and charged as a felon in possession of a firearm, a federal crime. See 18 U.S.C. Sec. 922(g)(1)(Supp.1989). The penalty for violation of Sec. 922 is contained in 18 U.S.C. Sec. 924(a)(1)(B); however, a defendant with three previous convictions for violent felonies or serious drug offenses will be sentenced under Sec. 924(e). The indictment listed both Sec. 924(a)(1)(B) and Sec. 924(e).
 
 
 4
 Johnson moved to quash the indictment on the grounds that he lacked a sufficient number of prior convictions for violent felonies or serious drug offenses to be sentenced under Sec. 924(e). The district court deleted all references to that section from the indictment. Johnson then moved to dismiss the charge altogether, arguing that the court could not amend a grand jury's indictment. The court denied this motion, saying that Sec. 924(e) affected only the sentence and was not an element of the offense with which Johnson was charged. Johnson then was convicted of the offense and sentenced under Sec. 924(a)(1)(B). He challenges both the validity of the amended indictment and the sufficiency of the government's evidence.
 
 
 5
 Although a court may not broaden a grand jury's indictment, the Supreme Court has held that it may narrow one. See United States v. Miller, 471 U.S. 130, 144 (1985). Johnson's conviction may be upheld if the offense for which he was convicted was fully described in the indictment. Id.
 
 
 6
 The indictment charged Johnson with being a felon in possession of a firearm, and that is the crime of which he was convicted. All the elements of that offense are contained in Sec. 922(g)(1). As this court has held, Sec. 924(e) affects only the sentence, and is not a substantive element of the crime of possessing a firearm as a felon. United States v. Brewer, 853 F.2d 1319, 1322 (6th Cir.), cert. denied, 109 S.Ct. 375 (1988). This is perfectly clear from the organization of Title 18: Sec. 922 is titled "Unlawful acts"; Sec. 924 is titled "Penalties."
 
 
 7
 The deletion from Johnson's indictment did not broaden the type of prior offenses the government could introduce against him. To prove that Johnson was a felon, the government could have relied on any of his prior convictions, or all of them, including violent felonies or serious drug offenses. See United States v. Ford, 872 F.2d 1231, 1238 (6th Cir.1989). These convictions had already been listed in Johnson's indictment. The only effect of the amended indictment was to reduce the possible severity of punishment.
 
 
 8
 We also find that there was substantial evidence to support Johnson's conviction. Possession of a firearm may be constructive or actual, joint or exclusive, active or passive. See United States v. Black, 472 F.2d 130, 131 (6th Cir.), cert. denied, 411 U.S. 969 (1972). A person has constructive possession if he "knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." United States v. Beverly, 750 F.2d 34, 37 (6th Cir.1984).
 
 
 9
 Police testified that when they approached the van Johnson moved as if to put something behind him. When they searched the van they found a loaded pistol on Johnson's seat, registered to Johnson's wife, containing a bullet with Johnson's fingerprints. This last fact strongly suggests that Johnson at least loaded the gun, and so was in possession of it. It is not necessary that evidence of possession exclude every reasonable hypothesis except that of guilt. United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973). The government's evidence against Johnson was sufficient that a rational trier of fact could have found that he was a felon in possession of a firearm. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 10
 Therefore, we AFFIRM the judgment of the district court.