**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1440

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Rodney J. Long, | * | |
| | * | **[UNPUBLISHED]** |
| Appellant. | * | |

_____

Submitted: June 27, 1997
Filed: July 9, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

While investigating information about possible criminal activity, authorities knocked on the door of a motel room in which Rodney J. Long and three other persons were present. Long invited the authorities inside the room, where they observed methamphetamine, a loaded revolver, and items used in the manufacture of methamphetamine. Long later pleaded guilty to conspiring to manufacture more than 100 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. After calculating a Guidelines sentencing range of 121 to 151 months imprisonment, the district court[1] granted the government's motion to depart downward from the

_____

[1]The HONORABLE ORTRIE D. SMITH, United States District Judge for the Western District of Missouri.

Guidelines and the statutory minimum sentence, and sentenced Long to 60 months imprisonment and five years supervised release. Long appeals, and we affirm.

Long argues the district court erred in assessing a two-level firearm enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995) (add two levels if dangerous weapon, including firearm, was possessed). He also challenges the district court's assessment of one criminal history point based on a prior misdemeanor conviction for which he received a suspended jail sentence, probation, and a fine; Long claims, as he did below, that the conviction was uncounseled.

Because the departure sentence Long received is below the applicable Guidelines range, with or without the challenged enhancement and criminal history point, we conclude his sentence is not reviewable. See United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1995). In any event, his arguments lack merit. First, we find no clear error in the district court's finding that it was not clearly improbable the weapon in the motel room was connected with the offense. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.3) (1995); United States v. McCracken, 110 F.3d 535, 541 (8th Cir. 1997). Second, even assuming that Long sufficiently carried his burden of proving the prior conviction was uncounseled, and that the suspended-jail-time portion of the sentence was thus invalid, see Scott v. Illinois, 440 U.S. 367, 373 (1979); United States v. White, 529 F.2d 1390, 1394 & n.4 (8th Cir. 1976), the probationary sentence and monetary fine provided a basis for assessing the criminal history point, see Nichols v. United States, 511 U.S. 738, 748-49 (1994) ; United States v. Ortega, 94 F.3d 764, 769 (2d Cir. 1996); White, 529 F.2d at 1394.

Accordingly, we affirm.

A true copy.


Attest:


       CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.