F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 1998**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARVIN E. MILLER,

    Defendant-Appellant.

No. 97-3165
(D.C. No. 96-40064-01-DES)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK,** Circuit Judge, **LUCERO,** Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

Neither party to this appeal has requested oral argument. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Marvin E. Miller was charged in a three-count indictment with bank robbery.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Specifically, in count one he was charged with taking by force and intimidation approximately $32,000.00 from employees of the Credit Union Service Center ("Credit Union") in Topeka, Kansas, whose deposits were insured by the National Credit Union Administration Board, and that in so doing, he was armed with a dangerous weapon, namely a handgun, in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2. In count two Miller was charged with using and carrying a firearm during and in relation to a crime of violence, namely bank robbery as charged in count one of the indictment, in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 924(c)(1) and (2). In count three Miller was charged with conspiring with Jonathan Elrod and Elliott Sylvester Thurmond to commit an offense against the United States, namely bank robbery, as alleged in count one, in violation of 18 U.S.C. § 371.

It was the government's theory of the case that Miller, Thurmond and Elrod robbed the Credit Union on March 11, 1996 at gun point. More specifically, it was the government's theory of the case that Thurmond and Miller, wearing masks, entered the Credit Union, each carrying a firearm, and forcibly took $32,000.00 from its employees, and that Elrod remained outside during the robbery and drove the get away car. The charges against Thurmond and Elrod were disposed of without trial. At Miller's trial, both Thurmond and Elrod testified that Miller was one of the two who entered the premises of the Credit Union and, at gunpoint, took the $32,000.00 from the Credit Union.

From the record before us, we do not know whether Miller testified at his trial. Be that as it may, Miller's defense was that he was not in any way involved in the robbery of the Credit Union on March 11, 1996.

Upon trial, the jury convicted Miller on all three counts. Miller was thereafter sentenced to imprisonment for 71 months on count one, 60 months on count two to be served consecutively to the 71 months imposed on count one, and 60 months imprisonment on count three to be served concurrently with the sentence imposed on count one.

During the course of Miller's trial, his counsel twice moved for a mistrial based on testimony given by two government witnesses. Both motions were denied. On appeal, counsel argues that both rulings were erroneous and each constitutes reversible error. We disagree.

As indicated, Thurmond was called as a government witness. Thurmond testified, *inter alia,* that he and Miller, at gunpoint, took $32,000.00 from employees of the credit union by force and intimidation. In preliminary questioning of Thurmond, he was asked by the prosecutor on direct examination "how long" he had known Miller. To that question, Thurmond responded as follows: "Approximately since probably '94 because we was incarcerated at the Topeka jail together." Out of the presence of the jury, counsel then moved for a mistrial. After argument, the district court denied the motion, but instructed the jury to totally disregard the response by Thurmond that he and Miller at one

time were incarcerated together in the Topeka jail. The district court did not err in its handling of this matter. *United States v. Sloan,* 65 F.3d 861 (10th Cir. 1995), *cert. denied,* 516 U.S. 1097 (1996).

Officer Courtney Dean, a Lieutenant with the Kansas Highway Patrol, testified that when he interviewed Miller the latter denied any involvement in the robbery of the Credit Union, and in connection with his denial of involvement therein Miller volunteered that "if he were to rob anything, it would be a gas station or a quick shop and not a bank because of the federal implications." Counsel again moved for a mistrial, which the district court denied. Again, we find no reversible error. The statement was made by Miller, ostensibly to bolster his denial of involvement in the robbery of the Credit Union.

Subsequent to the jury's verdict, counsel filed post-trial motions asking for a judgment of acquittal or new trial, both of which were denied. On appeal, counsel argues that the district court erred in so doing.

In connection with the district court's denial of his motion for judgment of acquittal, counsel argues that "no rational fact finder could convict defendant based on the evidence presented by the prosecution herein, by a standard of proof beyond a reasonable doubt." In support thereof, counsel asserts that the government's evidence against Miller consisted only of the "word of two lying, thieving, drug addicts," and is insufficient, as a matter of law, to support the jury's verdict. We reject that argument out of hand. We have repeatedly held that a jury may convict on the uncorroborated

testimony of an accomplice.  And, in any event, there was corroboration.  *United States v. McGuire,* 27 F.3d 457, 462 (10th Cir. 1994).

In their alternative motion for a new trial, counsel again argued that the district court erred in denying his motions, during trial, for a mistrial, and that such necessitated a new trial.  We have previously rejected those arguments.

Counsel's next argument in support of his motion for a new trial is that since the district court gave an instruction on a so-called "lesser included offense," i.e., robbery without a firearm, but thereafter gave no verdict on the lesser included offense of robbery without a firearm, the defendant was somehow denied a fair trial.  Counsel concedes that he made no objection to the instruction concerning "lesser included offense" nor did he object to the forms of verdict given the jury.  Counsel does mention that the prosecution, prior to submission of the case to the jury, did bring to the district court's attention the fact that there was no form of verdict given the jury on the lesser included offense, but states that any suggestion that one be given, was summarily rejected by the district court.

It is quite true that the district court by its instruction No. 10 did instruct the jury on the lesser included offense of robbery without a firearm.  Whether that instruction was given *sua sponte* or on the request of either of the parties is not disclosed by the record before us.  In any event, that instruction, to which there was apparently no objection,  read as follows:

INSTRUCTION N0. 10

- 5 -

The law permits the jury to determine the guilt or innocence of the defendant for any crime that is necessarily included within the offense of bank robbery using a dangerous weapon or device as charged in Count One of the Indictment.

If you should find the defendant "not guilty" of the crime of armed bank robbery, therefore, then you should proceed to determine whether the government has proven the guilt of the defendant for the crime of bank robbery without the use of a dangerous or deadly weapon.

As stated, there was no form of verdict submitted to the jury on robbery without a firearm. Counsel suggests that this lead to confusion on the part of the jury, and necessitates a new trial. We disagree.

Why the district court instructed the jury on the lesser included offense of robbery without a firearm is not disclosed by the record before us. It would seem that such was inappropriate, in view of the record made at trial. All the evidence adduced at trial indicated that firearms were used by both Thurmond and Miller. Miller's defense was not that he robbed the Credit Union and no firearms were carried or used. Rather, his defense was that he simply was not involved in the robbery. He just wasn't there. While robbery without a firearm, depending on the facts and circumstances, may well be a lesser included offense in robbery with a firearm, it certainly was not in the instant case. The instruction, under the circumstances, should not have been given, but we fail to see any prejudice to Miller. The instruction was that the jury should proceed to determine whether Miller was guilty of bank robbery without the use of a dangerous weapon if they found Miller not guilty of armed bank robbery. And, of course, the jury found that Miller

was guilty of bank robbery with the use of a firearm.

Further, counsel's suggestion that Miller should be granted a new trial on the grounds of newly discovered evidence, i.e., the "discovery" of Elrod's presentence report, is without merit. *See United States v. Sasser,* 971 F.2d 470, 479-81 (10th Cir. 1992), *cert. denied,* 507 U.S. 924 (1993).

Counsel's final argument is that the district court, at sentencing, erred in computing Miller's criminal history category. On December 3, 1990, in Kansas City, Missouri, Municipal Court, Miller was convicted of carrying a loaded weapon and in connection therewith given a six months suspended sentence and two years probation. Such conviction raised Miller's criminal history category from III to IV. Counsel states that at the time of this conviction in the Kansas City, Missouri, Municipal Court, Miller was under the age of 18, and that he did not have the benefit of counsel nor did he waive his right to counsel, and accordingly that particular offense should not have been used in computing Miller's criminal history category, citing our unpublished opinion in *United States v. McClennon,* 1 F.3d 1250 (10th Cir. 1993). Counsel's argument in this regard is foreclosed by the recent pronouncement of the Supreme Court in *Nichols v. United States,* 511 U.S. 738 (1994). In that case the Supreme Court held, "consistent with the Sixth and Fourteenth Amendments of the Constitution, that an uncounseled misdemeanor conviction, valid under *Scott* [*Scott v. Illinois,* 440 U.S. 367 (1979)] because no prison term was imposed, is also valid when used to enhance punishment at a subsequent

conviction." *Nichols v. United States,* 511 U.S. at 748-49.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge