**UNITED STATES of America,**
**Plaintiff,**

v.

**Twashane A. CRAWLEY, Defendant.**

**No. 01–40096–01–SAC.**

United States District Court,
D. Kansas.

July 16, 2002.

Marilyn M. Trubey, Topeka, KS, for Defendant.

Randy M. Hendershot, Gregory G. Hough, Topeka, KS, for Plaintiff.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the defendant's objections to the presentence report ("PSR"). The defendant Twashane A. Crawley pleaded guilty to the single count indictment that charged him with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). In exchange for the plea, the government has agreed, in relevant part, not to prosecute him for the matters giving rise to the revocation of his pretrial release on January 2, 2002; to recommend to the District Attorney for Douglas County, Kansas, that the defendant not be prosecuted there for the same events which resulted in the revocation on January 2, 2002; to recommend that the defendant receive a three-point reduction for acceptance of responsibility; and to recommend a sentence at the low end of the applicable sentencing guideline range. The PSR recommends a base offense level of 20 without any adjustments and a criminal history category of six for a sentencing guideline range of 70 to 87 months.

On July 9, 2002, the parties presented their arguments and evidence relevant to the following objections. The parties devoted most of their time to the issue whether the defendant's prior Missouri conviction for unlawful use of a weapon was a crime of violence for purposes of U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(a) and the application note one to § 4B1.2(a). The defendant introduced the complaint and judgment from the Missouri case in arguing that he was convicted of Mo.Rev. Stat. § 571.030.1(1) which does not include any elements constituting a crime of violence and that the adjudicated facts of this conviction do not meet the requirements for a crime of violence. The government offered, and the court conditionally admitted over the defendant's objection, a written statement prepared by Detective Larry Ealy with the Kansas City, Missouri, Police Department. The statement is entitled "Statement of Probable Cause," but the document does not show that it was ever filed in the Missouri case or that the state court ever relied upon it. The court continued the sentencing until July 17, 2002, in order to consider these matters. The government announced its intention to call a Missouri law enforcement officer on July 17th to testify about the facts surrounding the defendant's prior conviction. On July 10, 2002, the defendant filed a motion in limine seeking an order denying the admission of Detective Ealy's statement and prohibiting the government from introducing additional police reports or testimony concerning his prior conviction. (Dk.40). On July 12, 2002, the government

filed a written response to the motion in limine attaching what appears to be a certified copy of Detective Ealy's statement of probable cause that is signed and executed by a Circuit Court Judge of Jackson County, Missouri, as a finding of probable cause. After researching the law relevant to these matters, the court now issues its ruling on the objections to save the parties' the avoidable expense of securing out-of-state witnesses to testify on matters that the Tenth Circuit has held to be inadmissible in determining whether a prior conviction is a crime of violence.*

**DEFENDANT'S OBJECTION NO. 1:** The defendant wants to add to ¶ 4 that the Douglas County District Attorney has agreed not to prosecute him for any offense arising from his arrest on December 13, 2001. The government concurs with the defendant's objection.

**Ruling:** No finding on this objection is necessary. Neither the government's recommendation against prosecution nor the Douglas County District Attorney's decision to follow that recommendation has any effect on the sentence to be imposed here.

**DEFENDANT'S OBJECTION NO. 2:** The defendant controverts ¶ 5 as erroneously stating that the Lawrence Police Department obtained a search warrant for the defendant's residence after receiving information that the defendant was selling narcotics from the residence. The defendant contends the police report states that "someone" was selling drugs and does not identify the seller as the defendant by name. The defendant further contends he was not arrested for, nor charged with, possession of cocaine with intent to distribute. The government agrees that Officer Peck's report says "an individual" was selling drugs from the residence, but the government also states that its understanding is the defendant was arrested for possession with intent to distribute cocaine.

**Ruling:** As the government apparently does not intend to introduce evidence to support the PSR on this point, the court sustains the defendant's objection. The relevant sentence in ¶ 5 shall be corrected to replace "he" with "someone" so that it will read in relevant part that "someone was selling narcotics from the residence." Regarding the charges for which the defendant was arrested on December 13, 2001, the government did not present any evidence on this disputed matter. Consequently, the court sustains the objection.

**DEFENDANT'S OBJECTION NO. 3:** The defendant objects to ¶ 7, in particular, the order of events recounted concerning his call to Camille Sanders and the officer's actions in searching and handcuffing him on May 2, 2001.

**Ruling:** No ruling on this objection is necessary, as the court will not consider the controverted matter in determining the sentence to impose here.

**DEFENDANT'S OBJECTION NO. 4:** The defendant objects to ¶¶ 12 and 21 arguing that his arrest on December 13, 2001, occurred before he entered his plea of guilty, that his plea was timely and saved the government and the court the time and expense of a trial, and that he is entitled to a reduction for acceptance of responsibility. Consistent with the terms of the plea agreement, the government recommends that the defendant receive the reduction for acceptance of responsibility.

**Ruling:** To further the parties' intentions stated in the plea agreement, the court sustains the defendant's objection and finds that the defendant is entitled to a two-level reduction for acceptance of responsibility.

**DEFENDANT'S OBJECTION NO. 5:** The defendant insists his base offense level should be 14, instead of 20, as he does not

have a prior conviction for either a crime of violence or a controlled substance offense. The government responds that the prior conviction for unlawful use of a weapon reflected in ¶ 30 of the PSR qualifies as a crime of violence.

**Ruling:** Because the defendant does not controvert the fact of his prior conviction found at ¶ 30 of the PSR, the court understands the defendant's objection is limited to whether his prior conviction qualifies as a crime of violence. As used in U.S.S.G. § 2K2.1(a)(4)(A), "crime of violence" shares the definition given this same term in U.S.S.G. § 4B1.2(a). U.S.S.G. § 2K2.1, comment. (n. 5). Section 4B1.2(a) provides:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

■ The commentary to this guideline provision further breaks down "crime of violence" to include: (1) an offense that is listed in the commentary; (2) an offense that has as an element the use, attempted use, or threatened use of physical force; (3) an offense that presents conduct involving the use of explosives; or (4) an offense that includes conduct which "by its nature, presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2, comment. (n. 1); *see United States v. Gosling,* 39 F.3d 1140, 1141–42 (10th Cir.1994). A court's determination whether a prior offense qualifies as a crime of violence is " 'limited to examining the statutory elements of the crime,' but if ambiguity exists under the statute we can look beyond the statute to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the court." *United States v. Zamora,* 222 F.3d 756, 764 (10th Cir.) (citing *United States v. Bennett,* 108 F.3d 1315, 1317 (10th Cir.1997); *United States v. Farnsworth,* 92 F.3d 1001, 1008 (10th Cir.), *cert. denied,* 519 U.S. 1034, 117 S.Ct. 596, 136 L.Ed.2d 524 (1996)), *cert. denied,* 531 U.S. 1043, 121 S.Ct. 641, 148 L.Ed.2d 547 (2000).

The Missouri offense of unlawful use of a weapon, Mo.Rev.Stat. § 571.030.1(1)-(10), specifies that a person who knowingly engages in one of the ten alternative subdivisions of conduct has committed this offense. Not all of the subdivisions have as an element the use, attempted use, or threatened use of physical force against another person. For example, subdivision (1) makes it a crime for a person to carry "concealed upon or about his or her person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use." The PSR does not specify the subdivision of which the defendant was convicted. The complaint and judgment introduced by the defendant establish that the conviction was based on Mo.Rev.Stat. § 571.030.1(1) which makes it unlawful for a person to carry a weapon concealed upon his person. This offense is not listed in the commentary, and the statutory language defining this offense does not include an element addressing the use of force. *See United States v. Gilbert,* 138 F.3d 1371, 1372 (11th Cir.1998) (Held that the use of force is not an element to the offense of carrying a concealed firearm), *cert. denied,* 526 U.S. 1111, 119 S.Ct. 1754, 143 L.Ed.2d 787 (1999). In fact, the commentary to U.S.S.G. § 4B1.2 explains that a " 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon." U.S.S.G. § 4B1.2, comment. (n. 1).

This leaves the question whether the defendant's prior conviction for carrying a concealed weapon in violation of this Missouri statute necessarily involves conduct that presents a serious potential risk of physical injury to another. The Eighth Circuit has held that it does not:

> Whitfield also claims his conviction of carrying a concealed weapon under Mo. Rev.Stat. § 571.030(1) (1985) is not a violent felony. We agree. Although carrying an illegal weapon may involve a continuing risk to others, the harm is not so immediate as to "present[ ] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *see also United States v. Johnson*, 704 F.Supp. 1403, 1407 (E.D.Mich.1989) (carrying a concealed weapon is not a violent felony), *aff'd per curiam*, 900 F.2d 260, 1990 WL 47483 (6th Cir.1990).

*United States v. Whitfield*, 907 F.2d 798, 800 (8th Cir.1990). The Eleventh Circuit disagrees with the Eighth Circuit on this issue and "has held that carrying a concealed weapon is conduct that poses a serious potential risk of injury." *United States v. Gilbert*, 138 F.3d at 1372 (citing *United States v. Hall*, 77 F.3d 398, 401 (11th Cir.1996)) (emphasized distinction concerning the likelihood of immediate violence between mere possession of a firearm that can be constructive and carrying a firearm that is found on the defendant's person).

The court has found no Tenth Circuit decision directly on point. The United States Attorney's office for the District of Kansas in the case of *United States v. Phelps*, 17 F.3d 1334, 1341 (10th Cir.), *cert. denied*, 513 U.S. 844, 115 S.Ct. 135, 130 L.Ed.2d 77 (1994), did agree with defense counsel there "that the conviction for carrying a concealed weapon does not constitute a violent felony." The court has considered the Tenth Circuit decision of *United States v. Dwyer*, 245 F.3d 1168 (10th Cir.2001), for its holding that possession of an unregistered firearm in violation of § 5861(d) creates a serious risk of injury to another by reason of the weapon's nature alone, and also the decision of *United States v. Romero*, 122 F.3d 1334, 1341 (10th Cir.1997), *cert. denied*, 523 U.S. 1025, 118 S.Ct. 1310, 140 L.Ed.2d 474 (1998), for its holding that a prison inmate's possession of a deadly weapon presents a serious potential risk of physical injury to another. Both *Dwyer* and *Romero* are plainly distinguishable on their facts. For that matter, the Eight Circuit's decision in *United States v. Fields*, 167 F.3d 1189, 1191 (8th Cir.), *cert. denied*, 526 U.S. 1140, 119 S.Ct. 1798, 143 L.Ed.2d 1025 (1999), is also distinguishable, because the defendant there was convicted of a subdivision (4) offense, that is, exhibiting in the presence of other persons a weapon readily capable of lethal use in an angry or threatening manner.

■ The court is more persuaded by the Eighth Circuit's reasoning in *Whitfield* that the mere carrying of a concealed firearm does not present a serious potential risk of physical injury to another. That the weapon is found on the person rather than on the floorboard or seat of a vehicle is not enough in itself to say the risk of physical injury created by a firearm's presence is now serious. The court is not satisfied that the imminence or likelihood of violence associated with a person carrying a weapon is appreciably different from that presented when the weapon is simply otherwise readily available to a person. The court concludes that an offense in violation of Mo.Rev.Stat. § 571.030.1(1) does not by its very nature, present a serious potential risk of physical injury to another.

■■ When the statutory offense may be committed with or without violence, the court may undertake "a conduct-specific

inquiry" in deciding whether the prior offense was a crime of violence. *United States v. Riggans,* 254 F.3d 1200, 1204 (10th Cir.) (quotation and citations omitted), *cert. denied,* —— U.S. ——, 122 S.Ct. 297, 151 L.Ed.2d 220 (2001). As stated above, this inquiry is limited, however, "to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the court." *Zamora,* 222 F.3d at 764. The Tenth Circuit has discussed the approach this court must take in making this inquiry:

> In determining whether a prior conviction constitutes a crime of violence or a controlled substance offense under § 4B1.1, courts have undertaken several different kinds of inquiries. Some courts look only to the elements of the prior crime, as they are set forth in the statute under which the defendant was convicted. [citations omitted]. In contrast, other courts examine the record in the prior proceedings—including charging documents, jury instructions, and statements and admissions of the defendant—in order to determine certain elements of the conviction that cannot be gleaned from the statute alone. [citations omitted]. Still other courts examine the facts and circumstances surrounding the prior convictions, extending their inquiry beyond the record in the prior proceedings. *See, e.g., United States v. Chapple,* 942 F.2d 439, 442 (7th Cir.1991) (assessing underlying facts of a state weapons conviction); *United States v. Flores,* 875 F.2d 1110, 1112–13 (5th Cir. 1989) (allowing, inter alia, probation officer to testify in current proceeding in order to determine whether prior offense constituted burglary of a dwelling).

This court has limited its analysis of predicate offenses under USSG § 4B1.1 to the statutory elements and the record of the prior proceedings. In *United States v. Wagner,* 994 F.2d 1467 (10th Cir.1993), we held that a conviction for possession of a listed chemical, a violation of 21 U.S.C. § 841(d), did not constitute a "controlled substance offense" under USSG § 4B1.1. We declined to examine the conduct surrounding the conviction, noting that the definition of a controlled substance offense under USSG § 4B1.2 "does not permit reference to the relevant conduct; only the charged offense may be considered." *Wagner,* 994 F.2d at 1474.

In *United States v. Smith,* 10 F.3d 724 (10th Cir.1993) (per curiam), we reached a similar conclusion regarding the manner of determining whether a prior offense constituted "burglary of a dwelling" under USSG § 4B1.2.... We concluded that a sentencing court "can look beyond the statutory count of conviction in order to resolve a patent ambiguity caused by a broad state statute." *Smith,* 10 F.3d at 733. However, we limited the scope of the sentencing court's examination to the following items from the prior proceeding: "the charging papers, judgment of conviction, plea agreement or other statement by the defendant for the record, presentence report adopted by the court, and findings by the sentencing judge." *Id.* at 734. We based this conclusion on *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). In *Taylor,* the Supreme Court held that, in determining whether prior convictions constitute predicate offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e), sentencing courts may examine the charging papers and jury instructions in "a narrow range of cases" in which the statute defining the prior offense is broad enough to include both predicate and non-predicate offenses but in which the jury was actually required to find all the elements of

the predicate offense. *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143.

In this case, just as in *Wagner*, the applicable provisions of USSG § 4B1.1 and § 4B1.2 refer to "convictions" and "offenses" for crimes of violence rather than referring to the conduct and circumstances surrounding those convictions and offenses. As a result, in determining whether Mr. Garcia's prior burglary conviction constituted a predicate offense, we focus our inquiry on what was actually adjudicated in the prior proceeding.

*United States v. Garcia*, 42 F.3d 573, 576–77 (10th Cir.1994). A court exceeds the scope of a proper inquiry under *Smith* when it considers police reports and testimony concerning the prior conviction. *Id.* at 577 n. 4. Thus, the court's inquiry in this circuit is limited to the prior conviction and does not extend to the criminal conduct that has not been adjudicated. *United States v. Bennett*, 108 F.3d at 1318. The Tenth Circuit's approach is consistent with application note 1 to U.S.S.G. § 4B1.2 which focuses the sentencing court's inquiry on "the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted ..., by its nature, presented a serious potential risk of physical injury to another."

■ Though government's exhibit one, the statement of Detective Ealy, does appear to be a record from the prior proceeding, it has not been shown that it evidences matters actually adjudicated in that proceeding. As the Tenth Circuit said in *Bennett*, that the defendant "was charged with a crime of violence, however, is not dispositive for sentencing purposes."

108 F.3d at 1317. Assuming the arrest warrant and the supporting statement of probable cause could be characterized as charging documents, they are considered only in determining whether the defendant was actually convicted of a crime of violence.[1] The government has not come forth with proof indicating that the defendant pleaded guilty to or admitted to committing the other criminal conduct, namely, eluding officers during a car chase and reaching into his pocket where the gun was found when the officers approached him. Without this additional proof linking the alleged criminal conduct to the offense of conviction, the court may not consider government's exhibit one in deciding whether the defendant's prior conviction was a crime of violence. Thus, the court finds that the government's exhibit one fails to meet the conditions for its admissibility, and the court sustains the defendant's objection to this exhibit. Nor may the government present additional police reports or the testimony of law enforcement officers or other witnesses concerning the defendant's criminal conduct that was not expressly charged and actually adjudicated in those state proceedings. The court grants the defendant's motion in limine. If the government wishes to preserve its position for appeal, it may make a proffer on July 17th.

■ The government has not come forth with admissible evidence to prove that the defendant's conduct as expressly charged in the count for which he was convicted presented a serious potential risk of physical injury to another. In light of the above rulings, the court sustains the defendant's objection and uses the base

1. In *Taylor v. United States*, the Supreme Court took a "categorical approach" limiting the sentencing court's inquiry to the fact of conviction and the statutory definition of the prior offense. 495 U.S. at 602, 110 S.Ct. 2143. The Court allowed that in "a narrow range of cases" a sentencing court could "go beyond the mere fact of conviction" in deciding whether the jury necessarily convicted the defendant of an offense requiring an enhancement. *Id.*

offense level of 14 at U.S.S.G. § 2K2.1(a)(6).

**DEFENDANT'S OBJECTION NO. 6:** The defendant argues that no points should be assessed for the prior conviction at ¶ 28 of the PSR, as he was not represented by counsel and there is no showing that he waived his right to counsel. In his sentencing memorandum, the defendant expands his objection to argue that his prior convictions at ¶¶ 33 and 36 are likewise uncounseled and, therefore, are unconstitutional convictions.

■ **Ruling**: The defendant's objection is overruled. Even if the defendant's misdemeanor conviction was uncounseled, the court may still impose one criminal history point for the probationary part of his sentence pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2(c)(1). The Tenth Circuit in *United States v. Miller*, 145 F.3d 1347, 1998 WL 171836, at *3 (10th Cir. Apr.13, 1998), *cert. denied*, 525 U.S. 855, 119 S.Ct. 134, 142 L.Ed.2d 109 (1998), and other circuits have likewise held that only the suspended jailtime portion of the prior sentence for an uncounseled misdemeanor conviction is invalid leaving any probationary sentence and/or monetary fine as a basis for assessing criminal history points. *United States v. Long*, 117 F.3d 1423, 1997 WL 375191 (8th Cir. Jul.9, 1997); *United States v. Ortega*, 94 F.3d 764, 769 (2nd Cir.1996) (citing *United States v. Reilley*, 948 F.2d 648, 654 (10th Cir.1991)); *see Nichols v. United States*, 511 U.S. 738, 743, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) (Although the Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense," the Supreme Court has held that "where no sentence of imprisonment was imposed, a defendant charged with a misdemeanor had no constitutional right to counsel.") (citing *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979)). There being no ob-jection that the defendant's sentence included at least one year of probation, the court finds that the PSR appropriately assesses one criminal history point in ¶ 28.

■ As for the convictions at ¶¶ 33 and 36, it is true that a court may not base a sentence enhancement on a prior uncounseled misdemeanor conviction where the defendant was sentenced to imprisonment, unless the defendant waived counsel. *See Nichols v. United States*, 511 U.S. at 746–47, 114 S.Ct. 1921. However, once the government establishes the existence of a prior conviction, the defendant bears the burden of proving by a preponderance of the evidence that this prior conviction was constitutionally infirm. *United States v. Windle*, 74 F.3d 997, 1001 (10th Cir.), *cert. denied*, 517 U.S. 1115, 116 S.Ct. 1342, 134 L.Ed.2d 491 (1996). A defendant attacking the validity of a prior conviction for sentencing purposes must show by a preponderance of the evidence that his prior statement was involuntary or unknowing. *See United States v. Wicks*, 995 F.2d 964, 978 (10th Cir.1993); *Windle*, 74 F.3d at 1001 (stating that "[o]nce the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm"). As the PSR states, the court records for those particular cases do not show that the defendant was represented by counsel but that it is likely the defendant was represented by the same counsel from Legal Aid who represented him in the other municipal cases for which the defendant was sentenced at the same time. The defendant comes forth with no proof or evidence of any kind that his prior convictions are constitutionally infirm. Moreover, as explained in its ruling to the defendant's ninth objection, a favorable ruling from the court on these two prior convictions would not change the defendant's criminal history category.

For all of these reasons, the defendant's objection is overruled.

**DEFENDANT'S OBJECTION NO. 7:** The defendant denies that he was ever placed on intensive supervised probation as stated in ¶¶ 32 and 34 of the PSR.

**Ruling:** The court declines to make any finding on this objection, because the defendant's placement on intensive probation does not appear to affect any determination of criminal history points for this conviction.

**DEFENDANT'S OBJECTION NO. 8:** The defendant contends that he should have received only one point for each of the prior convictions in ¶¶ 32, 34 and 38, instead of the two points that the PSR allocates to each. The defendant argues that the sentences of imprisonment were suspended in those cases. Assuming this objection is sustained as to ¶ 34, the defendant further contends that he should not be given any additional points for committing the instant offense within two years of his release from custody for the offense in ¶ 34.

**▇▇ Ruling:** A "sentence of imprisonment" is defined under the Guidelines as a sentence of incarceration and as the maximum sentence imposed rather than the time actually served. *See* U.S.S.G. § 4A1.2(b)(1); *see also* U.S.S.G. § 4A1.2, comment. (n.2) ("[T]he length of the sentence of imprisonment is the stated maximum.... That is, the criminal history points are based on the sentence pronounced, not the length of time actually served."). If, however, part of the sentence of imprisonment is suspended, the Guidelines provide that the "sentence of imprisonment" refers "only to the portion that was not suspended." U.S.S.G. § 4A1.2(b)(2).

The Guidelines also address the calculation of terms of imprisonment upon revocation of probation. Section 4A1.2(k)(1) states, "Add the original term of imprisonment to any term of imprisonment imposed upon revocation [of probation]." Application Note 11 states, "Rather than count the original sentence and the resentence after revocation as separate offenses, the sentence given upon revocation [of probation] should be added to the original sentence of imprisonment, if any, and the total should be counted as if it were one sentence." U.S.S.G. § 4A1.2, comment. (n. 11).

**▇▇** With respect to the convictions in ¶¶ 32 and 34 of the PSR, the state court suspended imposition of the sentence and placed the defendant on probation, but subsequently revoked the probation and essentially resentenced the defendant giving him credit for 87 days in custody as reflected in ¶ 32 and for 92 days in custody as reflected in ¶ 34 and then returning the defendant to probation. Treating the credit for custody as a sentence of imprisonment is appropriate under these circumstances. *See United States v. Reed,* 94 F.3d 341, 345–46 (7th Cir.1996); *United States v. Glidden,* 77 F.3d 38, 39–41 (2nd Cir.1996). It matters not that the defendant's initial sentence of imprisonment was suspended. *See United States v. Holbert,* 285 F.3d 1257, 1263 (10th Cir.2002). As for ¶ 38, the sentencing court suspended imposition of the 180–day sentence after giving the defendant credit for 60 days served in jail. Under these circumstances, the rule is as stated at U.S.S.G. § 4A1.2(b)(2), the " 'sentence of imprisonment' refers only to the portion that was not suspended.' " *United States v. Dixon,* 230 F.3d 109, 112 (4th Cir.2000) (quoting *United States v. Tabaka,* 982 F.2d 100, 102–103 (3d Cir.1992)). Thus, when the imposition of a sentence is suspended with credit for time served, the court counts the time that was credited as the sentence of imprisonment. In short, the PSR properly calculates two points for the prior convic-

tions described at ¶¶ 32, 34 and 38 and properly scores additional points for committing the instant offense within two years of his release from custody for the conviction in ¶ 34. The court overrules the defendant's objections.

**DEFENDANT'S OBJECTION NO. 9**: The defendant argues he should not receive any criminal history points for the convictions cited in ¶¶ 33, 35, 36 and 37 of the PSR, because the sentences of probation imposed for those convictions were not for a year or more. In his sentencing memorandum, the defendant argues for the first time that his conviction in ¶ 37 for driving while a habitual violator is akin to the offense of driving with a suspended license listed in U.S.S.G. § 4A1.2(c)(1).

**Ruling**: The court determines that it need not make any finding as to these objections. Even if the court were to sustain the defendant's objection to counting all four of these prior convictions, the defendant's criminal history category would remain a six, as his total criminal history points would only drop to fourteen. The PSR reflects that the defendant has seven convictions countable under U.S.S.G. § 4A1.1(c), which means that the defendant would still receive three of a possible four points even after his objections were sustained. Ultimately, this would reduce his total criminal history score by only one point, and this would not move him to a lower criminal history category.

**DEFENDANT'S OBJECTION NO. 10**: The defendant seeks to add to ¶ 75 that he was expelled from school in 1995 following his arrest on the charges leading to his conviction discussed at ¶ 27 of the PSR.

**Ruling**: The court finds that a ruling on this objection is unnecessary as the fact in dispute has no impact on the sentence to be imposed here.

**DEFENDANT'S OBJECTION NO. 11**: The defendant objects to ¶ 90 in which the PSR writer lays out different facts that arguably would support an upward departure in that the defendant's criminal history category does not adequately reflect the seriousness of his criminal past. The defendant denies that these circumstances warrant an upward departure and argues instead that a downward departure is appropriate under U.S.S.G. § 5K2.11.

**Ruling**: The defendant does not object to what is stated in ¶ 90, but he does object to any conclusion that these circumstances would warrant an upward departure. The PSR, however, makes no recommendation as to an upward departure, and the government says it will not seek one. The court does not intend to depart upwardly based on those circumstances.

**DEFENDANT'S OBJECTION NO. 12**: The defendant denies that he has ever used an alias as recorded in the PSR.

**Ruling**: The court makes no finding on this objection, as this contested fact does not affect the guideline sentence to be imposed.

### REQUEST FOR DOWNWARD DEPARTURE

 In his sentencing memorandum, the defendant advocates a downward departure pursuant to § 5K2.11 for a lesser harm. It is the defendant's burden to prove he is entitled to a downward departure. *United States v. Archuleta*, 128 F.3d 1446, 1449 (10th Cir.1997). The court recognizes its discretion to depart pursuant to § 5K2.11 for a lesser harm when a defendant's conduct does not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue. In the exercise of its discretion, the court is not persuaded that a downward departure is appropriate on the facts and arguments that have been presented. *See United States v. Reynolds*, 215 F.3d 1210 (11th Cir.) (affirming district court's denial of a §§ 5K2.11 departure where conduct in

case involved the mere possession of an otherwise legal shotgun which defendant claimed he possessed for the purpose of pawning to remove it from access by a teenager), *cert. denied,* 531 U.S. 1000, 121 S.Ct. 500, 148 L.Ed.2d 470 (2000); *United States v. Cutright,* No. 00–4508, 2000 WL 1663451 (4th Cir. Nov.6, 2000) (unpub.op.) (denying §§ 5K2.11 departure in gun possession case and finding that "the district court improperly considered Cuthbert's purported innocent purpose for possessing the firearm"). A conviction under § 922(g) focuses not on the defendant's reason for possessing a firearm but on his status that bars him from possessing a firearm or ammunition. The purpose of the statute in keeping persons with felony convictions from possessing such weapons is served by the conviction and sentence here. This is not a case where the defendant happens upon ammunition by chance and has no other viable choice but to possess it for a very short period of time for the purpose of disposing of it. The court is not satisfied that the defendant's behavior falls within the lesser harms rationale that this court is compelled to interpret narrowly. *United States v. Warner,* 43 F.3d 1335, 1338 (10th Cir.1994). In the exercise of its discretion, the court denies the defendant a downward departure pursuant to U.S.S.G. § 5K2.11.

Having sustained the defendant's objection on the acceptance of responsibility reduction and the base offense level determination, the defendant's total offense level is now 12 with a criminal history category of six for a guideline range of 30 to 37 months.

IT IS THEREFORE ORDERED that the defendant's motion in limine (Dk.40) is granted;

IT IS FURTHER ORDERED that the above rulings on the defendant's objections to the PSR shall be adopted at the time of sentencing as court's findings and shall be followed in imposing the defendant's sentence.