**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 96-5091

CLANTON T. BENNETT,

Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 95-CR-116-C)

---

Thomas Scott Woodward, First Assistant United States Attorney (Stephen C. Lewis, United States Attorney, Northern District of Oklahoma with him on the brief), Tulsa, Oklahoma for Plaintiff-Appellee.

Stephen J. Greubel, Assistant Federal Public Defender (Stephen J. Knorr, Federal Public Defender, Northern District of Oklahoma with him on the brief), Tulsa, Oklahoma for Defendant-Appellant.

---

Before PORFILIO, McWILLIAMS, and HENRY, Circuit Judges.

---

HENRY, Circuit Judge.

---

Defendant Clanton T. Bennett appeals the district court's determination that he was a "career offender" for purposes of sentencing enhancement. Because it was unclear that Mr. Bennett's prior conviction for second-degree burglary was for a "crime of violence," the sentence must be vacated, and the case remanded for resentencing.

## I. BACKGROUND

After pleading guilty to a single count of bank robbery under 18 U.S.C. § 2113(a), Mr. Bennett was sentenced to a prison term of 170 months. The district court enhanced the term of Mr. Bennett's sentence based on its determination that he was a "career offender," as defined in United States Sentencing Guidelines ("USSG") § 4B1.1. Section 4B1.1 requires, in pertinent part, that a career offender have "at least two prior felony convictions of . . . a crime of violence." USSG Manual § 4B1.1 (1995).

The district court determined that two of Mr. Bennett's prior convictions (burglary in the second degree, and indecent lewd acts with a child under sixteen) constituted crimes of violence. On appeal, Mr. Bennett challenges the use of his second-degree burglary conviction as a predicate crime of violence. He does not contest the use of the indecent lewd acts conviction.

## II. ANALYSIS

Whether a defendant was erroneously classified as a career offender is a question of law subject to de novo review.  See United States v. Newsome, 898 F.2d 119, 120 (10th Cir. 1990).  "The government shall bear the burden of proof for sentence increases . . . ."  United States v. Kirk, 894 F.2d 1162, 1164 (10th Cir. 1990).  Further, "we resolve any ambiguity in favor of narrowly interpreting the career offender provisions . . . ."  United States v. Smith, 10 F.3d 724, 734 (10th Cir. 1993).

In the USSG, a "crime of violence" is defined in part as an offense that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  USSG Manual § 4B1.2 (1995).  Of particular importance in this appeal is that, under the foregoing definition, "burglary of a dwelling" is a crime of violence.  Id.

In determining whether a predicate offense qualifies as a crime of violence, courts in this circuit are limited to examining the statutory elements of the crime and the record of the prior proceeding.  See United States v. Garcia, 42 F.3d 573, 576 (10th Cir. 1994).  The statutory elements of Mr. Bennett's second-degree burglary offense are defined as follows:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept . . . with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

3

Okla. Stat. tit. 21, § 1435 (1991). Because this definition does not include physical force as an element, and does not require that the burglary be "of a dwelling," the statute leaves it unclear whether Mr. Bennett's conviction was for a crime of violence.

The record of Mr. Bennett's prior proceeding is similarly ambiguous. In examining such a record, a sentencing court may look to "the charging papers, judgment of conviction, plea agreement or other statement by the defendant for the record, presentence report adopted by the court, and findings by the sentencing judge." Smith, 10 F.3d at 734.

The parties agree that the record does not include a presentence report, a transcript of court proceedings, or findings by the judge. Whether such documents never existed, or were lost after their creation, is unclear.

From the burglary proceeding, only the information, plea agreement, and judgment of conviction are available. The judgment of conviction is unrevealing, but the information and plea agreement are more instructive. They indicate that Mr. Bennett was initially charged with first-degree burglary and that he later pled to the lesser offense of second-degree burglary. Suppl. rec., def.'s ex. B-1 at 1 (Information dated Feb. 12, 1985), pl.'s ex. 1 at 4 (Plea agreement dated May 1, 1985).

The information charged Mr. Bennett with first-degree burglary as follows:

On or about the 9th day of February, 1985, A.D., the crime of burglary in the first degree was feloniously committed in Oklahoma County, Oklahoma, by Clanton Thomas Bennett who wilfully and knowingly broke and entered 805 SW 28th OKC, Oklahoma, a dwelling house which was in the possession and was under the control of Roger W. King, by entering through the east bedroom window while Roger W. King was present, with the intent to commit a crime

4

therein, contrary to the provisions of section 1431 of Title 21 of the Oklahoma
Statutes and against the peace and dignity of the State of Oklahoma.

Suppl. rec., def.'s ex. B-1 at 1. This language clearly charged Mr. Bennett with a crime of violence: the statutory definition of first-degree burglary requires that the burglary be of a "dwelling." Okla. Stat. tit. 21, § 1431. The first-degree burglary statute provides in relevant part: "Every person who breaks into and enters the dwelling house of another, in which there is at the time some human being, with intent to commit some crime therein . . . is guilty of burglary in the first degree." Id.

The fact that Mr. Bennett was charged with a crime of violence, however, is not dispositive for sentencing purposes. The commentary accompanying USSG § 4B1.2 makes plain: "[T]he conduct of which the defendant was convicted [not charged] is the focus of the inquiry." USSG Manual § 4B1.2 cmt. (n.2) (emphasis added). The record of the prior proceeding does not indicate how the wording of the information was amended when Mr. Bennett's charge was reduced from first- to second-degree burglary. Thus, whether the word "dwelling" was deleted is unclear.

During the sentencing in federal court, the district judge expressed his opinion that the information could have been lawfully amended only by deleting the words "while Roger W. King was present." The district judge presumed that the information was amended lawfully, and that the quoted words were in fact eliminated. Because such an amendment would have left the word "dwelling" in the information, the district judge concluded that Mr.

5

Bennett was convicted of a crime of violence, and sentenced him as a career offender. See Rec. vol. III at 13-14 (Transcript of sentencing on Mar. 26, 1996).

On appeal, Mr. Bennett argues that the district court was not permitted to speculate about matters unstated in the record of the prior proceeding. He insists that the court was limited to examining the record and the statutory elements of second-degree burglary. Because the statute and record leave it unclear whether the prior conviction was for a crime of violence, Mr. Bennett argues that § 4B1.1's career offender provision must be interpreted narrowly so as not to apply to him.

We have limited § 4B1.1 analysis to the statutory elements and the record of the proceeding in order to focus attention on the nature of prior convictions. In Garcia, for example, we refused to consider the defendant's claim that he did not commit a predicate crime of violence. 42 F.3d at 577. We concluded that classification as a career offender depends on prior conviction, not prior criminal conduct: it was irrelevant whether the defendant was actually innocent of the crime for which he was convicted. Id. at 578-79.

In this case, the career offender enhancement was not based on statutory elements or the record of the prior proceeding; therefore, it is inconsistent with our circuit's precedent. The district judge, a former county attorney who is certainly knowledgeable about state criminal law, may well have been correct that the information was amended to delete the words "while Roger W. King was present." However, two factors lead us to hold that even knowledgeable speculation should not be added to Garcia's arsenal.

6

First, we cannot be sure, from the record supplied to us, that an amendment was even made. The record only shows that the conviction was for second-degree burglary; it does not contain an amended information.

Second, even if an amendment was made, we are not certain that the only words that could have been deleted were the words "while Roger W. King was present." A comparison of the statutory definitions of first- and second-degree burglary suggests that the offenses differ in two respects: (1) first-degree burglary must be burglary of a "dwelling," whereas second-degree burglary may be burglary of "any building," dwelling or non-dwelling; and (2) first-degree burglary requires that the burglary be of premises "in which there is at the time some human being," whereas second-degree burglary does not require contemporaneous occupation by another person. Compare Okla. Stat. tit. 21, § 1431 (first-degree burglary) with Okla. Stat. tit. 21, § 1435 (second-degree burglary). These differences suggests that a charge can be reduced from first- to second-degree burglary in one of three ways: by deleting the charging paper's reference to (a) a dwelling, (b) occupation by another person, or (c) both.

In this case, the district judge concluded that only amendment (b) was possible, but we do not see why amendments (a) and (c) were not possible as well. The district judge suggested that if the word "dwelling" was eliminated, "you don't have a charge . . . [;] there is no charging paper[] at all." Rec. vol. III at 8-9 (Transcript of sentencing on Mar. 26, 1996). We do not understand this logic: If the word "dwelling" was deleted, the information would

7

have charged burglary of "a house," which could have been a non-dwelling such as "an abandoned house." The information would still have described an offense because, as stated above, the second-degree burglary statute comprehends burglary of "any building," dwelling or non-dwelling.

If the district judge was incorrect about the word "dwelling," Mr. Bennett was improperly sentenced as a career offender. His second-degree burglary conviction would have been for burglary of a non-dwelling, which is not a crime of violence. *See Smith*, 10 F.3d at 733. Thus, Mr. Bennett's career offender status would have been supported only by his indecent lewd acts conviction, and would have lacked the requisite second crime of violence.

This possibility means that the government did not meet its burden of supporting the career offender enhancement: the statutory elements of second-degree burglary and the record of the prior proceeding leave it ambiguous whether Mr. Bennett was convicted of a crime of violence. We must resolve this ambiguity in favor of narrowly interpreting the career offender provisions.

### III.  CONCLUSION

For the foregoing reasons, we conclude that Mr. Bennett should not have been sentenced as a career offender. We vacate the sentence and remand for resentencing. The mandate shall issue forthwith.

8