F I L E D
**United States Court of Appeals
Tenth Circuit**

**FEB 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT DALE RUCKMAN,

Defendant - Appellant.

No. 02-7074
D.C. No. 02-CR-05-S
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO** and **BRISCOE**, Circuit Judges.

Defendant Robert Ruckman appeals the sentence imposed following his plea of

guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and

affirm.

I.

On January 16, 2001, Oklahoma state authorities executed a search warrant at the

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

home of Robert and Bridget Ruckman. The authorities found several firearms in the Ruckmans' bedroom. In particular, they found a Remington Model 700 7mm Magnum Rifle under their bed. They also found twenty-five other firearms, including seven inside a black gun safe, thirteen inside a green gun safe, three hanging on a gun rack above the bed, one leaning against a dresser, and another under the bed.

Defendant was indicted on three counts of being a felon in possession of firearms. Count I concerned the 7mm rifle and Counts II and III concerned the other firearms found in the Ruckmans' bedroom, a firearm found in another bedroom at the home, and firearms found during a subsequent search of Bridget Ruckman's vehicle. Defendant pled guilty to Count I and the government dismissed Counts II and III. At the sentencing hearing, the government introduced evidence detailing the search of the home and facts surrounding defendant's 1992 conviction for second degree burglary.

The district court sentenced defendant to a term of imprisonment of eighty-seven months. The court determined he possessed twenty-five additional firearms and enhanced his sentence pursuant to U.S.S.G. § 2K2.1(b)(1)(E). The court also enhanced his sentence based upon the conclusion that his second degree burglary conviction was a "crime of violence," as that term is used in U.S.S.G. § 4B1.2(a).

II.

*Non-exclusive possession*

The district court applied the sentencing enhancement factor in U.S.S.G.

§ 2K2.1(b)(1)(e) (2000),[1] which suggests a five-level enhancement for possessing between twenty-five and forty-nine firearms. Defendant argues the court erred by finding he constructively possessed the firearms found in the Ruckmans' bedroom. Where, as here, a defendant objects to a fact contained within the presentence report, the government bears the burden of establishing that fact by a preponderance of the evidence. See United States v. Shinault, 147 F.3d 1266, 1278 (10th Cir. 1998).

Ordinarily, an individual is considered to constructively possess an item when he or she knowingly holds the power and ability to exercise dominion and control over the property. See United States v. Carter, 130 F.3d 1432, 1441 (10th Cir. 1997). In situations involving joint occupancy, such as here, more is required to establish constructive possession than dominion and control. "To prove constructive possession where there is joint occupancy, the government must present direct or circumstantial evidence to show some connection or nexus individually linking [defendant] to the [firearms.]" United States v. Lazcano-Villalobos, 175 F.3d 838, 843 (10th Cir. 1999). The requisite nexus is established where there is some evidence to support the plausible inference that defendant had knowledge of and access to the firearms. See id.; United States v. Mills, 29 F.3d 545,

---

[1] Although defendant was arrested on January 16, 2001, he was not sentenced until May 30, 2002. Ordinarily, the district court would apply the guidelines in effect at the time of sentencing, which would be the 2001 edition. See United States v. Turner, 285 F.3d 909, 915 n.7 (10th Cir. 2002). However, section 2K2.1 was amended on November 1, 2001, and the amendment, as applied to defendant, would increase the level of enhancement from five to six points. Accordingly, the district court applied the 2000 edition.

550 (10th Cir. 1994). We review the district court's interpretation of the guidelines de novo, and its factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts. See United States v. Brown, 314 F.3d 1216, 1222 (10th Cir. 2003).

We conclude the district court correctly determined that the government established the requisite nexus between defendant and the firearms located in the Ruckmans' bedroom. One of the firearms was found under the Ruckmans' bed, next to the 7mm rifle defendant admitted possessing. The government also presented evidence that one firearm was found leaning against a dresser in the bedroom and three firearms were found hanging above the bed. Defendant was carrying the key to the locked gun safe. The locked gun safe and an unlocked gun safe contained a total of twenty firearms. Defendant's close proximity to the firearms, the open manner in which many of the firearms were stored, his possession of the key to the locked gun safe, and the proximity of the firearms to the firearm he pled guilty to possessing are more than sufficient to establish his connection to the firearms.

Defendant contends the district court failed to consider the fact that his wife also occupied the bedroom and that she subsequently bartered several of the identified firearms to pay her own legal bills. Defendant presents no evidence to support his contention that his wife's joint ownership of the firearms precludes the district court from concluding he possessed the firearms. Indeed, possession, not ownership, is the

dispositive inquiry. Defendant also argues the fact that the government failed to identify which safe was unlocked by the key defendant possessed undercuts the district court's finding. This point too is of no import considering defendant does not dispute that the key found on his person unlocked the only locked safe.

We are not persuaded by defendant's citation of United States v. Taylor, 113 F.3d 1136 (10th Cir. 1997), and United States v. Mills, 29 F.3d 545 (10th Cir. 1994), to argue the government has not carried its burden or proof. Those cases addressed whether there was sufficient evidence for a jury to *convict* the defendant for constructively possessing the firearms at issue. While the cases are instructive, the government is not required to meet the same burden of proof in utilizing a sentencing enhancement. See, e.g., Shinault, 147 F.3d at 1278 (stating the government must prove the facts upon which it bases a sentencing enhancement by a preponderance of the evidence). In addition, both Taylor and Mills lack a requisite level of factual similarity for a meaningful comparison with the present case. Cf. Taylor, 113 F.3d at 1146 (finding the evidence insufficient to convict based upon constructive possession when three men were linked to bedroom where the firearm was located in a closet, and the only evidence connecting defendant to the room were receipts found in entertainment center in the room); Mills, 29 F.3d at 549 (finding the evidence insufficient to convict the defendant based upon constructive possession where the evidence showed the defendant had dominion and control over room where firearms were located, not the specific hidden compartment where firearms were

ultimately found).

*Crime of violence*

Defendant contends the district court erred in concluding his 1992 conviction for second degree burglary was a "crime of violence," as that term is used in U.S.S.G. § 4B1.2(a) (2000). Pursuant to § 4B1.2(a), a "crime of violence" includes the crime of "burglary of a dwelling." To determine whether a burglary conviction constitutes a "crime of violence," we look first at the statutory basis of the conviction and consider whether the statutory elements are narrowly confined to the common law definition of burglary, i.e., the "'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" United States v. Hill, 53 F.3d 1151, 1153 (10th Cir. 1995) (en banc) (quoting Taylor v. United States, 495 U.S. 575, 599 (1990)).

Defendant was convicted of violating Okla. Stat. Ann. tit. 21, § 1435, which provides: "Every person who breaks and enters any building or any part of any building . . . in which any property is kept, . . . with intent to steal any property therein or to commit any felony." In Hill, 53 F.3d 1153, we recognized § 1435 is broader than the Taylor definition. Thus, we look to the underlying indictment or information and the text of the guilty plea to determine whether defendant was charged with and admitted committing conduct that falls within the common law definition of burglary set forth in Taylor. See United States v. Haslip, 160 F.3d 649, 656 (10th Cir. 1998).

The information charged defendant with "unlawfully, willfully and feloniously break[ing] and enter[ing] into a certain dwelling house." Aplee. App. at 1. In addition, defendant admitted that he and another person entered the house and stole several items. Id. at 9-16. On March 25, 1992, he pled guilty to "the crime of BURGLARY, SECOND DEGREE." Id. at 2. These facts support the district court's conclusion that defendant was convicted of a "crime of violence," as defined by § 4B1.2(a).

Defendant contends United States v. Bennett, 108 F.3d 1315 (10th Cir. 1997), requires a ruling in his favor on the "crime of violence" issue. In Bennett, we vacated a sentence that was enhanced based in part upon the district court's conclusion that defendant's prior guilty plea to second degree burglary was a "crime of violence." Id. at 1316. The information originally charged Bennett with first degree burglary for breaking into a dwelling, but he agreed to plead guilty to the lesser charge of second degree burglary. There was no evidence indicating whether Bennett's guilty plea retained the allegation that his crime involved breaking into a dwelling. Because it was conceivable that Bennett's acceptance of responsibility for the lesser crime could have included elimination of the allegation that he broke into a dwelling, we determined the government had not met its burden of proving the second degree burglary conviction was a "crime of violence." See id. at 1318-19 (noting the district court's "knowledgeable speculation" to the contrary was insufficient).

While defendant's "Judgment and Sentence" makes no mention of conduct

committed, <u>Bennett</u> does not require our reversal of the district court.  Here the information charged defendant with burglarizing "a certain dwelling house" and he pled guilty to that crime.  In addition, the district court relied exclusively upon the information, which clearly included the allegation that defendant unlawfully entered "a certain dwelling house."  The district court also heard testimony that the judgment and guilty plea were based upon defendant's burglary of "a certain dwelling house."  <u>See</u> <u>Hill</u>, 53 F.3d at 1154 (finding government need not produce text of guilty plea where charging document, coupled with another document, sufficiently enabled court to determine whether defendant's prior conviction constituted a violent felony).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge