**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

JAMES GARY RICE,

       Defendant-Appellant.

No. 03-8086
(D.C. No. 03-CR-15-02-J)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **BARRETT**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

---

Defendant James Gary Rice pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a), 846. His sentence under 21 U.S.C. § 841(b)(1)(A) was enhanced by two levels for being a "career offender," pursuant to USSG § 4B1.1, and it is this two-level enhancement that

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

defendant challenges on appeal.[1]  We conclude that the sentencing court properly determined that defendant's 1992 burglary conviction was for burglary of a dwelling and, as such, was a "crime of violence" as defined in USSG § 4B1.2(a). Consequently, we affirm.

Under the Sentencing Guidelines, a defendant is a "career offender" if three conditions are met: (1) the defendant was at least eighteen years old when the instant offense was committed; (2) the instant offense is a felony and is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  USSG § 4B1.1(a).  For purposes of the third career-offender requirement of § 4B1.1(a), "crime of violence" is defined to include "burglary of a dwelling" under state law that is punishable by imprisonment for a term exceeding one year.  USSG § 4B1.2(a)(2).  The district court found that all three conditions were met, the first two undisputedly, and the third based on two of defendant's prior convictions–a 1997 conviction for a controlled substance

---

[1]   This appeal challenges a sentencing enhancement based on the fact of a prior conviction, and, consequently, the Supreme Court's recent decision in Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004), has no application to this case.  See id. 124 S. Ct. at 2536 (restating    exception acknowledged in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), for sentencing enhancements based on the fact of a prior conviction);    see also  United States v. Marseille, 377 F.3d 1249, 1257 n.14 (11th Cir. 2004) (noting that    Blakely  is inapposite to appeal challenging sentence enhancement based on prior convictions).

offense and a 1992 state burglary conviction. Application of the career-offender enhancement increased the guideline sentencing range for defendant's conviction significantly.

On appeal, it is the third § 4B1.1(a) condition that defendant challenges. His position is that the government failed to prove that his 1992 burglary conviction was for "burglary of a dwelling," and therefore failed to satisfy the crime-of-violence condition for a career-offender enhancement under § 4B1.1. The propriety of the district court's career-offender enhancement is a legal question that we review *de novo*. United States v. Zamora, 222 F.3d 756, 763 (10th Cir. 2000).

Generally, "[i]n determining whether a prior offense qualifies as a crime of violence, we are 'limited to examining the statutory elements of the crime.'" Id. at 764 (quoting United States v. Bennett, 108 F.3d 1315, 1317 (10th Cir. 1997)). But if there is ambiguity under the statute, we can look beyond the statute to the record of the prior proceeding, including the charging papers and findings by the sentencing judge. Bennett, 108 F.3d at 1317; United States v. Farnsworth, 92 F.3d 1001, 1008 (10th Cir. 1996). Here, the district court correctly looked beyond the statute, finding that the statute did not unambiguously determine the question. The Wyoming burglary statute is broader than the guideline–it criminalizes burglary of a dwelling, but also of a building or a vehicle. See Wyo.

Stat. § 6-3-301(a) (1988). Consequently, it was necessary for the district court to go beyond the statute to determine the nature of the prior conviction.

In doing so, the district court recognized that the charging document was no more informative than the statute–it merely restated the broad statutory language, without specifying whether the burglary charged was of an occupied structure, a building, or a vehicle. The district court found, however, that according to Wyoming law, the probable cause affidavit that was attached to the information established, by a preponderance of the evidence, that defendant's 1992 burglary conviction was for burglary of a dwelling. See United States v. Shinault, 147 F.3d 1266, 1278 (10th Cir. 1998) (holding that, when objection is lodged, government must prove propriety of sentence enhancement by a preponderance of the evidence).

We conclude that the district court did not err in considering the probable cause affidavit to determine the nature of the prior conviction. It was certainly part of the record of the prior proceeding, and, as such, was properly considered, see Bennett, 108 F.3d at 1317, but, more than that, it was actually part of the charging documents. See Zamora, 222 F.3d at 764 (holding review of charging documents appropriate); see also United States v. Smith, 10 F.3d 724, 734 (10th Cir. 1993) (considering police report that was incorporated into charging papers in determining whether prior burglary conviction was crime of violence for

-4-

purposes of sentence enhancement); United States v. Nelson, 143 F.3d 373, 374-75 (7th Cir. 1998) (holding that district court may look only to conduct set forth in information or indictment, then considering "Information Affidavit" in concluding that prior conviction was for crime of violence for purposes of § 4B1.2).[2]

In addition to arguing that the affidavit is not within the purview of documents relating to the prior proceeding that are appropriately considered for purposes of the career-offender enhancement, defendant also challenges the sufficiency and reliability of the affidavit itself. The district court's factual determinations based on the affidavit are reviewed only for clear error. See Shinault, 147 F.3d at 1277 ("When reviewing sentence enhancements under the sentencing guidelines, we accept the factual findings of the district court unless they are clearly erroneous."). The affidavit was sworn by the police detective who investigated the incident. Contrary to defendant's assertion, the information contained in the affidavit is not akin to second-hand information contained in a pre-sentence investigation report. The contents of the affidavit are the results of

---

[2]    The sentencing transcript makes it clear that the district court was careful to consider only the charging papers and other record documents; the court specifically declined to consider a police case fact sheet because it could not be sure that the document was attached to the information in the prior proceeding.

the affiant's personal investigation. As such, the district court's determination that the affidavit was sufficiently reliable is not clearly erroneous.

We also reject defendant's argument that the information contained in the affidavit is, itself, ambiguous and does not establish burglary of a dwelling. Based on the information contained in the affidavit, the district court found that defendant pleaded guilty to burglary of a dwelling. The affidavit states that a Mr. Willoughby was eating dinner with his two daughters in the dining room of the Willoughbys' house when he heard the front door being kicked in. When he went to the front door, Willoughby found defendant, who held a small gun in Willoughby's face. Defendant struck Willoughby at least twice and demanded money. When Willoughby said he had no money, defendant said they would "go talk to Tracy," Willoughby's wife. Defendant then forced Willoughby to leave his house, and defendant continued to assault Willoughby while they traveled to the bingo hall in a vehicle. When they arrived at the bingo hall, Willoughby found his wife, advised her his jaw was broken, and told her defendant wanted money. When Willoughby's wife ran home from the bingo hall to check on their children, someone in the bingo hall told defendant to leave, which he did.

Based on this information, defendant argues that the affidavit is ambiguous because it does not clearly state what was burglarized–the Willoughbys' home, the bingo hall, or the vehicle in which Willoughby and defendant traveled to the

-6-

bingo hall.  To the contrary, we conclude that it was entirely reasonable for the district court to find from the information contained in the affidavit that the crime charged (and to which defendant pled) was burglary of a dwelling.  In fact, given the charge, it appears the only reasonable reading of the affidavit.  Consequently, there was no clear error.

AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge