**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued May 4, 2006
Decided May 31, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2188

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| v. | No. 04-CR-151-C-01 |
| IGNACIO PANZO-ACAHUA, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

After a traffic stop revealed that Ignacio Panzo-Acahua was in the United States without authorization after being removed, he pleaded guilty to that offense. *See* 8 U.S.C. § 1326(a).  His removal had followed a prior Wisconsin conviction for "third degree sexual assault," which, the district court held, constituted a conviction for sexual abuse of a minor.  The court therefore concluded that Panzo-Acahua was subject to the enhanced statutory maximum under 8 U.S.C. § 1326(b)(2) because sexual abuse of a minor is an aggravated felony.  The court also increased his base offense level under the sentencing guidelines because sexual abuse of a minor is a crime of violence.  On appeal Panzo-Acahua challenges the court's conclusion that he assaulted a minor.  But counsel conceded that the victim was a minor, and so we affirm his sentence.

A Wisconsin police officer followed the car Panzo-Acahua was driving after noticing that it was missing its front license plate. When the car stopped at an apartment complex, the officer spoke with Panzo-Acahua and his sixteen-year-old female passenger and determined that Panzo-Acahua, who was twenty-two at the time, was in the United States illegally. Panzo-Acahua was charged by indictment with one count of being in the United States without authorization after having been removed. The indictment included separate sentencing allegations that he committed the offense after being deported for committing an "aggravated felony" and a "crime of violence."

Panzo-Acahua moved to suppress evidence obtained from the traffic stop on the basis that the stop was an unlawful detention. A magistrate judge held a hearing on the motion, and Panzo-Acahua called as a witness his female passenger, who described herself as a "friend" of Panzo-Acahua and said she was sixteen in September 2004 when the stop occurred. On cross-examination, the government asked her whether she was actually Panzo-Acahua's girlfriend (she responded no) and whether she was the same girl he had been convicted of sexually assaulting. Panzo-Acahua's counsel objected, arguing that the requested information was irrelevant. The girl, whose initials are CML, did not answer the question and was removed from the courtroom. The government then represented to the court that the victim of the sexual assault for which Panzo-Acahua had been convicted was the passenger, who was fifteen at the time of the assault. The court asked defense counsel whether Panzo-Acahua would stipulate that "she was a victim of a statutory sexual assault under Wisconsin law, that the victim was Ms. L, that it was apparently a consensual relationship but nonetheless illegal, that that was the basis for [Panzo-Acahua] being deported the first time." The following exchange ensued:

> [COUNSEL]: Almost, Your Honor. I'm just in a poor position because I don't know whether it was consensual. I never talked to my client about this. And to concede that seems to me to help their bias argument and that—I don't think that that's the case under Wisconsin law, a person her age. I think—well, I'm trying to think when her birthday was but it's getting close to 15 years old.
>
> THE COURT: Sixteen-year-olds and younger are deemed incapable of giving consent.
>
> [COUNSEL]: Right, so the law seems to say this is by definition—
>
> THE COURT: Okay.

[COUNSEL]: —a coercive relationship.

The parties then stipulated that the prior offense "was not a forcible sexual assault." The magistrate judge ultimately recommended denying the motion to suppress, and the district court adopted the report and recommendation. Panzo-Acahua eventually pleaded guilty to the § 1326(a) charge.

In the presentence report the probation officer characterized Panzo-Acahua's prior conviction for third-degree sexual assault, *see* Wis. Stat. § 940.225(3), as one for a crime of violence. Consequently, the probation officer concluded that Panzo-Acahua was subject to both an increased statutory maximum and an upward adjustment in his base offense level under the sentencing guidelines. Although the probation officer did not clarify what "crime of violence" he was referring to, the parties understood him to mean sexual abuse of a minor. Sexual abuse of a minor constitutes an aggravated felony, and the statutory maximum for a defendant removed after committing an aggravated felony is 20 years. 8 U.S.C. §§ 1326(b)(2), 1101(a)(43)(A). The guidelines further provide for a 16-level increase where a defendant was deported after committing a crime of violence, and sexual abuse of a minor qualifies as a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii) & cmt. n.1(B)(iii).

Before sentencing Panzo-Acahua objected to the characterization of his prior offense as a crime of violence. He focused on the fact that the prior conviction was not for "statutory rape" and did not involve the use of force. To show that he had not been convicted of a forcible offense, Panzo-Acahua attached to his written objection the state-court judgment convicting him of third degree sexual assault in violation of Wis. Stat. § 940.225(3). That statute provides: "Whoever has sexual intercourse with a person without the consent of that person is guilty of a Class G felony. Whoever has sexual contact in the manner described in sub. (5)(b)2. with a person without the consent of that person is guilty of a Class G felony." Panzo-Acahua also attached a criminal complaint charging him with violating a different provision, Wis. Stat. § 948.02(2), for allegedly having sexual contact with a victim under age sixteen. In response the government conceded that Panzo-Acahua had been convicted of the lesser crime of third degree sexual assault under § 940.225(3), not the more-serious violation of § 948.02(2) alleged in the information. But the government argued that the conviction was still the "functional equivalent" of "statutory rape" and "sexual abuse of a minor"; though conceding that § 948.02(2) explicitly covers those offenses, the prosecutor asserted that "[b]y pleading guilty, defendant admitted having sexual intercourse with CML" when "CML was only 15." The government, however, did not produce a plea agreement, a transcript of the plea colloquy, or any other documentation of Panzo-Acahua's prior conviction to back up its representations that the victim was fifteen. The only documentary

evidence of Panzo-Acahua's conviction is the judgment he provided, which does not identify the victim or give the victim's age.

The sentencing court held that Panzo-Acahua's conviction for third degree sexual assault was a conviction for sexual abuse of a minor and adopted the probation officer's guidelines calculations. In arriving at that conclusion, the district court reasoned: "We have a 15-year-old girl who was the subject of a sexual assault. I don't see how anything could be clearer than that that is sexual abuse of a minor." The court did not identify the evidence it relied upon in finding that the victim of Panzo-Acahua's assault was fifteen. After discussing the factors under 18 U.S.C. § 3553(a), the court sentenced Panzo-Acahua to 36 months' imprisonment.

Panzo-Acahua first challenges the conclusion that his Wisconsin conviction for third degree sexual assault constitutes sexual abuse of a minor and is thus a crime of violence within the meaning of the U.S.S.G. § 2L2.1(b)(1)(A)(ii). He argues that the sentencing court improperly relied on the criminal complaint underlying the dismissed charge of having sexual contact with a child under sixteen to conclude that the victim of his third degree sexual assault was a minor. Without looking at that information in the dismissed complaint, he insists, there was no way for the court to conclude he assaulted a minor.

In determining whether a prior conviction was for sexual abuse of a minor, this court begins by considering only the elements of the statute and the language of the indictment—the so-called categorical approach. *United States v. Martinez-Carillo*, 250 F.3d 1101, 1104 (7th Cir. 2001) (quoting *Lara-Ruiz v. INS*, 241 F.3d 934, 941 (7th Cir. 2001)). Here, the Wisconsin statute under which Panzo-Acahua was convicted makes no distinctions based on age. *See* Wis. Stat. § 940.225(3); *see also Gattem v. Gonzales*, 412 F.3d 758, 765 (7th Cir. 2005) (noting that Illinois solicitation statute reaches conduct aimed at adults as well as minors). And no indictment or document charging Panzo-Acahua with violating § 940.225(3) that might include some factual allegations is in the record.

When the statute or charging documents are ambiguous about a defendant's prior conviction, courts may take a peek at other information in the record. *See Martinez-Carillo*, 250 F.3d at 1140. That information, though, is limited to a plea agreement, transcript of plea colloquy, or an admission by the defendant. *See Shepard v. United States*, 125 S.Ct. 1254, 1257 (2005). Even though *Shepard* interprets the Armed Career Criminal Act, 18 U.S.C. § 924(c), the same approach governs recidivism adjustments under the sentencing guidelines too. *See United States v. Lewis*, 405 F.3d 511, 514 (7th Cir. 2005); *United States v. Shannon*, 110 F.3d 382, 385 (7th Cir. 1997) (en banc) (recognizing that sentencing courts may look beyond charging documents only if to do so would not require hearing to resolve contested factual issues). Here the government did not introduce a plea agreement

or a transcript of any plea colloquy but argues that the sentencing court could rely on the criminal complaint because, the government says, Panzo-Acahua admitted the substance of the complaint by introducing it. But Panzo-Acahua submitted the complaint only to emphasize that his offense of conviction, third degree sexual assault, is a *different* crime than the one alleged in the complaint. And his conviction for a crime that is not only different but lesser than that alleged in the criminal complaint in no way shows that he admitted the complaint's version of facts. *See United States v. Hoults*, 240 F.3d 647, 651 (7th Cir. 2001) (holding that district court erred in determining under U.S.S.G. § 4B1.2(a)(2) that defendant had committed burglary of dwelling where references to dwelling or residential place were deliberately scratched from the information to which defendant later pleaded); *United States v. Bernal-Aveja*, 414 F.3d 625, 627-28 (6th Cir. 2005) (agreeing with *United States v. Bennett,* 108 F.3d 1315, 1318-19 (10th Cir. 1997), and *United States v. Spell,* 44 F.3d 936, 940 (11th Cir. 1995), that where defendant pleads guilty to a lesser charge than that in indictment, indictment alone is insufficient to prove defendant was previously convicted of crime of violence).

Nevertheless, *Shepard* does not help Panzo-Acahua because at the hearing on his motion to suppress, he, through his counsel, handed the district court the evidence necessary to find that his offense of conviction actually involved sexual abuse of a minor. *See United States v. Washington*, 417 F.3d 780, 788 (7th Cir. 2005) (holding *Shepard* of no assistance to defendant where he admitted at sentencing that he had reviewed and discussed his presentence report with his attorney and had no objections). Just before stipulating that his prior conviction involved a non-forcible sexual assault, Panzo-Acahua's counsel elicited the age of the passenger, CML, and agreed that she was the victim of the third degree sexual assault his client pleaded guilty to. Thus, although Panzo-Acahua later objected to the characterization of the crime as involving a minor, the damage was already done. *See United States v. Alvarez-Martinez*, 286 F.3d 470, 475-76 (7th Cir. 2002) (concluding that defendant's initial failure to object to facts presented in presentence report, though he later objected after he failed to appear for sentencing and was caught, was de facto stipulation to those facts); *Gattem*, 412 F.3d at 761 n.4 (noting that alien admitted age of prior victim through counsel) .

Panzo-Acahua's remaining argument is that the court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by finding that his victim was a minor because that is a fact beyond the fact of conviction that was used to enhance the statutory maximum for his offense. His statutory maximum was increased to twenty years under 8 U.S.C. § 1326(b)(2) because the court adopted the sentencing recommendation characterizing Panzo-Acahua's third degree sexual assault as an aggravated felony, which includes sexual abuse of a minor. *See* 8 U.S.C. § 1101(a)(43). But that increase was proper because the analysis above—concluding that Panzo-Acahua's third degree sexual assault constituted sexual abuse of a

minor because he admitted his victim's age—applies equally here. *See Martinez-Carillo*, 250 F.3d at 1104 (holding that defendant's prior conviction constituted "aggravated felony" because age of victim established that he had committed sexual abuse of a minor). And because the fact of his victim's age simply establishes his recidivism under § 1326(b)(2), he was not entitled to have it proven to a jury beyond a reasonable doubt. *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998) (excluding fact of defendant's recidivism from range of facts that must be proven to jury before increasing statutory penalties); *United States v. Williams*, 410 F.3d 397, 402 (7th Cir. 2005) (determining that sentencing courts may make findings as to fact and nature of prior convictions).

We therefore AFFIRM Panzo-Acahua's sentence.