**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON MITCHELL ABBO,

    Defendant - Appellant.

No. 18-6081
(D.C. Nos. 5:16-CV-00722-M and
5:11-CR-00385-M-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

    Before the court is Jason Abbo's application for a certificate of appealability

(COA). Abbo, a federal prisoner, is serving a 180-month sentence on his felon-in-

possession-of-a-firearm conviction. Relying on *Johnson v. United States*, 135 S. Ct. 2551

(2015), he filed a motion under 28 U.S.C. § 2255 to vacate his sentence, contending that

the district court erred by enhancing his sentence under the Armed Career Criminal Act

(ACCA), 18 U.S.C. § 924(e). The district court denied both the motion and the

application for a COA. As explained below, we conclude that reasonable jurists could not

find Abbo's claims debatable, so we too deny his application for COA.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

In 2012, a jury convicted Abbo on a charge of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). At sentencing, Abbo did not object to the Presentence Investigation Report (PSR), which had recommended sentencing under the ACCA after identifying at least three predicate felony offenses. The PSR referenced the following convictions from Oklahoma state courts:

1. A 2002 conviction, as a juvenile, for "Possession of a controlled dangerous substance with intent to distribute," Case No: JDL-02-1119;
2. a 2004 conviction, as an adult, for "Possession of a controlled dangerous substance with intent to distribute" and "Conspiracy for unlawful distribution of controlled dangerous substance," Case No: CF-2004-5069;
3. a 2007 conviction for "Domestic abuse by strangulation" and "Burglary, first degree," Case No: CF-2007-189; and
4. a 2008 conviction for "Burglary, first degree" and "Domestic assault and battery," Case No: CR-2007-3486.

The district court adopted the PSR and sentenced Abbo to 180 months of imprisonment, the minimum term allowed by statute. Abbo appealed, but on non-ACCA grounds, and in 2013 we affirmed. *United States v. Abbo*, 515 F. App'x 764 (10th Cir. 2013).

In 2016, after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), struck down the ACCA's residual clause as void for vagueness, Abbo moved under 28 U.S.C. § 2255 to vacate his sentence. He argued, under *Johnson*, that his sole ACCA-qualifying felony conviction was his 2004 adult conviction for "possession

2

of a controlled dangerous substance with intent to distribute." The district court denied both his motion to vacate and his application for a certificate of appealability.[1]

Abbo now seeks a certificate of appealability from this court. We will issue a COA only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B), (c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## DISCUSSION

The ACCA imposes enhanced sentences on offenders found to have at least three predicate convictions for any combination of violent felonies or serious drug offenses. *See* 18 U.S.C. § 924(e). In determining whether prior convictions count as violent felonies or serious drug offenses, courts employ the "categorical approach." Under that approach, we "compar[e] the elements of the crime of conviction to the ACCA." *United States v. Titties*, 852 F.3d 1257, 1265 (10th Cir. 2017). But when the statute of conviction is divisible, meaning that "it contains more than one crime," we apply the "modified categorical approach," which "reveals the relevant elements for the comparison under the categorical approach." *Id.* Although *Johnson* struck down § 924(e)(2)(B)'s "residual clause" as unconstitutionally vague, the "enumerated-offenses clause" and the "elements"

___

[1] Abbo initially appealed before securing a COA, so we remanded for the district court to determine in the first instance whether a COA should issue.

3

clauses both remain valid bases for defining a "violent felony."[2] *See United States v. Degeare*, 884 F.3d 1241, 1245 (10th Cir. 2018) (citing *Johnson*, 135 S. Ct. at 2563).

To prove a *Johnson* claim, a petitioner has the burden to establish "that the sentencing court, more likely than not, relied on the residual clause to enhance his sentence under the ACCA." *United States v. Driscoll*, 892 F.3d 1127, 1135 (10th Cir. 2018). When the sentencing record is silent or ambiguous about which clause the district court relied on, we look to the "relevant background legal environment" to aid in determining whether the district court relied on the residual clause. *See United States v. Snyder*, 871 F.3d 1122, 1130 (10th Cir. 2017), *cert. denied,* 138 S. Ct. 1696 (2018). If the law at the time would have permitted the district court to rely on either the elements clause or the enumerated-offenses clause, then the petitioner will normally fail to meet this burden. *See United States v. Washington*, 890 F.3d 891, 899 (10th Cir. 2018), *cert. denied,* 139 S. Ct. 789 (2019).

Here, Abbo fails in his brief to mount any arguments that the district court in fact relied on the residual clause. Notwithstanding this failure, we have reviewed the sentencing record ourselves and found it silent on which clause of the ACCA the district

---

[2] "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B).

court in fact relied on. Therefore, to prevail on his *Johnson* claim, Abbo must establish that the relevant background legal environment makes it more likely than not that the district court relied on the residual clause. *See Snyder*, 871 F.3d at 1130.

As mentioned, Abbo concedes that his 2004 conviction for possession, with intent to distribute, a controlled substance qualifies as a "serious drug offense." Beyond that, Abbo invites us into the thicket of his extensive criminal history, but we need go no further than his two felony burglary convictions. Because they qualify as "violent felonies," those convictions, combined with his conceded serious drug offense, require the ACCA sentence he received.

### A. The 2007 conviction for "Burglary, first degree"

For this offense, the judgment of conviction states that Abbo violated 21 O.S. § 1431, which in 2007 read as follows:

> Every person who breaks into and enters the dwelling house of another, in which there is at the time some human being, with intent to commit some crime therein, either:
> 1. By forcibly bursting or breaking the wall, or an outer door, window, or shutter of a window of such house or the lock or bolts of such door, or the fastening of such window or shutter; or
> 2. By breaking in any other manner, being armed with a dangerous weapon or being assisted or aided by one or more confederates then actually present; or
> 3. By unlocking an outer door by means of false keys or by picking the lock thereof, or by lifting a latch or opening a window, is guilty of burglary in the first degree.

*Id.* at § 1431 (2007). The statute does not list separate crimes with separate elements, but rather lists various factual means by which a defendant can commit the "breaking and entering" element. *See id.* The statute is therefore indivisible. *See Mathis v. United States*,

136 S. Ct. 2243, 2251 (2016). Abbo argues that this crime covers more conduct than generic burglary[3] because it defines burglary as breaking and entering into a "dwelling house,"[4] which, he says, could include locations that are not structures, such as a mobile home. Abbo's Br. at 24. This argument gets Abbo nowhere.

Our court has previously held that Oklahoma first-degree burglary is a violent felony. *See United States v. Bennett*, 108 F.3d 1315, 1317 (10th Cir. 1997). This holding is reinforced by the recent case of *United States v. Stitt*, where the Supreme Court held that generic burglary "includes burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation." 139 S. Ct. 399, 403–04 (2018). Simply put, Oklahoma's first-degree burglary matches the definition of federal generic burglary. *See id.* Therefore, Abbo's 2007 conviction qualifies as a "violent felony" under the enumerated-offenses clause of the ACCA, and reasonable jurists could not debate the point. *See Slack*, 529 U.S. at 484.[5]

---

[3] "[T]he generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

[4] At the time, Oklahoma law defined "dwelling house" as "includ[ing] every house or edifice, any part of which has usually been occupied by any person lodging therein at night, and any structure joined to and immediately connected with such a house or edifice." 21 O.S. § 1439 (2007).

[5] We need not decide whether Abbo's associated felony conviction for "domestic abuse by strangulation" would qualify as an independent violent felony, because Abbo's other convictions establish the ACCA's conditions.

**B. The 2008 conviction for "Burglary, first degree"**

For the reasons given in support of the 2007 first-degree burglary conviction's counting as a violent felony, so too does his 2008 burglary conviction. Oklahoma did not redefine the crime of first-degree burglary between 2007 and 2008. *See* 21 O.S. § 1431 (2008). And reasonable jurists could not debate this. *See Slack*, 529 U.S. at 484.[6]

**CONCLUSION**

Because Abbo had a qualifying serious drug offense and two qualifying violent felonies, he qualified for enhanced sentencing under the ACCA. Accordingly, we deny his application for a COA and dismiss this appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[6] Again, we need not decide whether Abbo's associated felony conviction for "domestic assault and battery" would qualify as an independent violent felony, because Abbo's other convictions establish the ACCA's conditions.