FILED
United States Court of Appeals
Tenth Circuit

January 3, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON MITCHELL ABBO,

    Defendant - Appellant.

No. 18-6081
(D.C. No. 5:16-CV-00722-M &
5:11-CR-00385-M-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

In September 2012, after being convicted of being a felon in possession of a

firearm, Mr. Abbo was sentenced to a 180-month term of imprisonment under the Armed

Career Criminal Act (ACCA). *See* 18 U.S.C. § 924(e)(1). On June 25, 2016, relying on

*Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), his counsel filed in the district

court a motion to vacate his sentence, under 28 U.S.C. § 2255. Though acknowledging

that the district court had treated his three drug convictions as "serious drug offenses"

under § 924(e)(2)(A), Mr. Abbo's counsel argued that three other felonies could no

longer be considered "violent felonies" under § 924(e)(2)(B)—specifically his Oklahoma

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

felony convictions for First-Degree Burglary, 21 Okla. Stat. § 1431; Domestic Abuse by Strangulation, 21 Okla. Stat. § 644; and Domestic Abuse (Assault and Battery), 21 Okla. Stat. § 644. In doing so, Mr. Abbo's counsel assumed that the sentencing court had relied on the violent-felony definition's residual clause, later struck down in *Samuel Johnson* as unconstitutionally vague. He claimed without any analysis that none of the three convictions could satisfy § 924(e)(2)(B)(i)-(ii)'s enumerated-offense clause or the element-of-force clause. But Mr. Abbo offered no supporting legal or record analysis, just a bare conclusion.

On March 2, 2018, the district court issued an order denying Mr. Abbo's Motion to Vacate Sentence. On July 2, 2018, Mr. Abbo's counsel filed in the district court an application for a certificate of appealability. Mr. Abbo's sole argument for the certificate of appealability was that his juvenile conviction for possession with intent to distribute a controlled dangerous substance should not have counted as a serious drug offense under the ACCA. On July 23, 2018, the district court issued a one-page order denying Mr. Abbo a certificate of appealability.

On December 4, 2018, Mr. Abbo's counsel filed an appellate brief in our court. On April 8, 2019, we issued an Order Denying Certificate of Appealability. We did not evaluate all of Mr. Abbo's felony convictions for whether they qualified as violent felonies or serious drug offenses under the ACCA. *United States v. Abbo*, 767 F. App'x 675 (10th Cir. 2018). Instead, we relied on two of Mr. Abbo's drug felonies and two violent felonies—two Oklahoma first-degree burglary convictions. *Id.* at 678–79. But we now see that we were mistaken in attributing two first-degree burglary convictions to Mr.

2

Abbo. Though twice charged with that offense, the state dismissed one of those charges.[1]

Accordingly, we must determine whether any of Mr. Abbo's other felonies provide the needed third predicate ACCA conviction under § 924(e)(2)(A)-(B). As explained below, we still conclude that Mr. Abbo qualifies as an armed career criminal and that reasonable jurists could not find his contrary claims debatable. Otherwise stated, Mr. Abbo has a combination of at least three qualifying serious drug offenses or violent felonies under § 924(e), which requires his statutory mandatory-minimum sentence.

## BACKGROUND

In 2012, a jury convicted Mr. Abbo of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). At sentencing, Mr. Abbo did not object to the probation officer's sentencing recommendation set out in the Presentence Investigation Report (PSR), that is, a statutory-minimum sentence of 15 years' imprisonment under the ACCA. The PSR did not identify which of Mr. Abbo's convictions qualified as predicate violent felonies or serious drug offenses under the ACCA. In fact, the PSR mistakenly referenced U.S.S.G. § 4B1.2 (career offender) as the operative law on ACCA liability, not 18 U.S.C. § 924(e).

---

[1] In Mr. Abbo's brief in our court, his counsel noted that in the district court "[t]he government's response argued that 'his ACCA predicate convictions do not rely on the residual clause,' but, that 'he has two predicate convictions for serious drug offenses as defined under the ACCA *and two convictions for burglary in the first degree* that categorically qualify as violent felonies under the ACCA.'" Appellant's Br. at 7 (emphasis added). We took the government's position as recounted by Mr. Abbo as true. But with Mr. Abbo's felony-conviction documents in hand, we see that Mr. Abbo was convicted of one count of Oklahoma first-degree burglary, but obtained a dismissal of the other first-degree burglary charge in a separate prosecution.

After reviewing the PSR and the parties' briefs, we evaluate these felony convictions:

1. A 2002 conviction, as a juvenile, for "Possession of a controlled dangerous substance with intent to distribute," Case No: JDL-02-1119;
2. Two 2004 convictions, as an adult, first, for "Possession of a controlled dangerous substance with intent to distribute," and, second, for "Conspiracy for unlawful distribution of controlled dangerous substance,"[2] Case No: CF-2004-5069;
3. A 2007 conviction for "Domestic abuse by strangulation" Case No: CF-2007-189; and
4. Two 2008 convictions charged together, first, for "Burglary, first degree," and, second, "Domestic assault and battery," Case No: CR-2007-3486.

Facing no objection from Mr. Abbo, so without identifying which of his felony convictions it relied on, the district court generally concluded that he qualified for an enhanced sentence under the ACCA. The district court adopted the PSR and sentenced Mr. Abbo to 15 years' imprisonment. Mr. Abbo appealed, but on non-ACCA grounds, and we affirmed. *United States v. Abbo*, 515 F. App'x 764 (10th Cir. 2013).

Having lost his bid for a COA in the district court, Mr. Abbo has appealed. We will issue a COA only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B), (c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[2] The parties did not address whether the conspiracy charge counts independently as a serious drug offense, so we do not reach the issue since Mr. Abbo qualifies as an armed career criminal either way.

**DISCUSSION**

The ACCA imposes enhanced sentences on defendants convicted under 18 U.S.C. § 922(g)(1)—felon in possession of a firearm or ammunition—if they have any combination of at least three violent felonies or serious drug offenses. *See* 18 U.S.C. § 924(e)(1). In determining whether prior convictions count as violent felonies or serious drug offenses, courts employ the "categorical approach." Under that approach, we "compar[e] the elements of the crime of conviction to the ACCA." *United States v. Titties*, 852 F.3d 1257, 1265 (10th Cir. 2017). But when the statute of conviction is divisible, meaning that "it contains more than one crime," we apply the "modified categorical approach," which "reveals the relevant elements for the comparison under the categorical approach." *Id.* Though *Samuel Johnson* struck down § 924(e)(2)(B)'s "residual clause" as unconstitutionally vague, it left the "enumerated-offense" and the "elements" clauses in force for measuring what felony convictions qualify as a "violent felony."[3] *See United States v. Degeare*, 884 F.3d 1241, 1245 (10th Cir. 2018) (citing *Johnson*, 135 S. Ct. at 2563).

---

[3] "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B).

To prove a *Samuel Johnson* claim, a petitioner has the burden to establish "that the sentencing court, more likely than not, relied on the residual clause to enhance his sentence under the ACCA." *United States v. Driscoll*, 892 F.3d 1127, 1135 (10th Cir. 2018). When the sentencing record is silent or ambiguous about which clause the district court relied on, we look to the "relevant background legal environment" to aid in determining whether the district court relied on the residual clause. *See United States v. Snyder*, 871 F.3d 1122, 1130 (10th Cir. 2017), *cert. denied,* 138 S. Ct. 1696 (2018). If the law at the time would have permitted the district court to rely on either the elements clause or the enumerated-offenses clause, then the petitioner will normally fail to meet this burden. *See United States v. Washington*, 890 F.3d 891, 899 (10th Cir. 2018), *cert. denied,* 139 S. Ct. 789 (2019).

Before us, Mr. Abbo fails to identify his basis for asserting that the district court relied on § 924(e)(2)(B)(2)'s residual clause to categorize any of his felonies as "violent felonies." Notwithstanding this failure, we have reviewed the sentencing record and found it silent on which clause of the ACCA the district court relied on. So to prevail on his *Samuel Johnson* claim, Mr. Abbo must establish that the relevant background legal environment makes it more likely than not that the district court relied on the residual clause than the other clauses to categorize any conviction as a violent felony. *See Snyder*, 871 F.3d at 1130. He has failed to do so.

In denying Mr. Abbo a COA, we point to three of his felony convictions that are beyond his *Samuel Johnson* challenge. As noted, we do not address three other felonies, which might also qualify as violent felonies or serious drug offenses.

6

### A. The 2004 Conviction for "Possession of a Controlled Dangerous Substance with Intent to Distribute"

To begin, as the first required qualifying ACCA predicate felony offense, Mr.

Abbo concedes that his 2004 conviction for possession, with intent to distribute, a

controlled substance qualifies as a "serious drug offense."

### B. The 2007 conviction for "Burglary, First Degree"

For this offense, the judgment of conviction states that Mr. Abbo violated 21 O.S.

§ 1431, which in 2007 read as follows:

> Every person who breaks into and enters the dwelling house of another, in which there is at the time some human being, with intent to commit some crime therein, either:
> 1. By forcibly bursting or breaking the wall, or an outer door, window, or shutter of a window of such house or the lock or bolts of such door, or the fastening of such window or shutter; or
> 2. By breaking in any other manner, being armed with a dangerous weapon or being assisted or aided by one or more confederates then actually present; or
> 3. By unlocking an outer door by means of false keys or by picking the lock thereof, or by lifting a latch or opening a window, is guilty of burglary in the first degree.

The statute does not list separate crimes with separate elements, but rather lists various

factual means by which a defendant can commit the "breaking into and entering"

element. *See id.* The statute is therefore indivisible. *See Mathis v. United States*, 136 S.

Ct. 2243, 2251 (2016). Mr. Abbo argues that this crime covers more conduct than generic

7

burglary[4] because it defines burglary as breaking into and entering a "dwelling house,"[5] which, he says, could include locations that are not structures, such as a mobile home. Appellant's Br. at 24.

But our court has held that Oklahoma first-degree burglary is a crime of violence under U.S.S.G. § 4B1.2 (requiring that the burglary be of a dwelling). *See United States v. Bennett*, 108 F.3d 1315, 1317 (10th Cir. 1997). We noted that the defendant was charged with breaking into and entering a dwelling house and that "the statutory definition of first-degree burglary requires that the burglary be of a 'dwelling.'" *Id.* Mr. Abbo's argument is also undermined by the recent case of *United States v. Stitt*, in which the Supreme Court concluded that generic burglary "includes burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation."[6] 139 S. Ct. 399, 403–04 (2018). Simply put, in view of these cases, Oklahoma's first-degree

---

[4] "[T]he generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

[5] At the time, Oklahoma law defined "dwelling house" as "includ[ing] every house or edifice, any part of which has usually been occupied by any person lodging therein at night, and any structure joined to and immediately connected with such a house or edifice." 21 O.S. § 1439 (2007).

[6] The Supreme Court announced its decision in *Stitt* on December 10, 2018, six days after Mr. Abbo filed his appellate brief. In his appellate brief, Mr. Abbo argued that his Oklahoma first-degree-burglary conviction should not qualify as a violent felony under the ACCA, because of what he termed its broad definition of "dwelling house." Appellant's Br. at 24. But *Stitt* soon defeated Mr. Abbo's argument on this point, ruling that generic burglary includes burglaries of "vehicles designed or adapted for overnight use. . . ." 139 S. Ct. at 407.

burglary offense meets the requirements of federal generic burglary. *See id.* Therefore, Mr. Abbo's 2007 first-degree burglary conviction qualifies as a "violent felony" under the enumerated-offenses clause of the ACCA. We conclude that reasonable jurists could not debate the point. *See Slack*, 529 U.S. at 484.[7]

### C. The Juvenile Conviction for "Possession of a Controlled Dangerous Substance with Intent to Deliver"

Mr. Abbo argues that this offense is not properly counted as a serious drug offense under 18 U.S.C. §924(e)(2)(A)(ii), because the government never showed that it involved a maximum sentence of at least 10 years of imprisonment. If pursued on direct appeal, this argument might have carried some force. But Mr. Abbo cannot rely on *Samuel Johnson* to challenge the ACCA-qualifying status of convictions for reasons beyond the district court's use of the violent-felony's residual clause, found at 18 U.S.C. § 924(e)(2)(B)(ii). *See United States v. Copeland*, 921 F.3d 1233, 1243 (10th Cir. 2019). Because this is so, this juvenile conviction counts as a serious drug offense—the third needed ACCA predicate conviction, together with his adult serious drug offense and his violent-felony conviction for Oklahoma first-degree burglary.[8]

---

[7] We need not decide whether Mr. Abbo's associated felony conviction for "domestic abuse by strangulation" would qualify as an independent violent felony. Mr. Abbo's other convictions suffice to establish the ACCA's conditions.

[8] Accordingly, we do not need to decide Mr. Abbo's § 924(e)(1) argument that two of his felonies were not "committed on occasions different from each other": (i) Abbo's felony conviction for Domestic Abuse by Strangulation under 21 Okla. Stat. §644(H) (2007) and (ii) his above-noted felony conviction for First-Degree Burglary. Even so, we do note that the responding officer in his probable-cause affidavit recounted that Mr. Abbo first forced his way into a residence and hit and

**CONCLUSION**

Because Mr. Abbo's Oklahoma first-degree-burglary conviction remains a violent felony after *Samuel Johnson*, and because he has two serious drug offenses not properly challengeable under that decision (obviously, neither involves the residual clause of the "violent felony" definition), he qualifies for enhanced sentencing under the ACCA. Accordingly, we deny his application for a COA and dismiss this appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

choked his girlfriend, then was physically removed by another person, and then kicked in the door to the residence and began assaulting his girlfriend again.

For the same reason, we need not decide whether Mr. Abbo's 2008 felony conviction for Domestic Abuse Assault and Battery counts as a violent felony under the ACCA.