FILED
United States Court of Appeals
Tenth Circuit

August 1, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RICHARD V. BERTOLLINI,

     Defendant-Appellant.

No.07-2217
(D. N.M. CR-06-1348-JB)

ORDER AND JUDGMENT[*]

Before **HARTZ,** Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **HOLMES,** Circuit Judge.

     On June 13, 2006, Richard V. Bertollini (the defendant) was charged in a one-count indictment filed in the United States District Court for the District of New Mexico with being a fugitive from justice and knowingly possessing nine described firearms, in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2). On February 23, 2007, the defendant, pursuant to a plea agreement, pled guilty to being a fugitive from justice possessing two of the nine firearms described in the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

indictment, but retaining his right, and the right of the United States, "to litigate the base offense level under U.S.S.G. § 2K2.1(a) and the number of firearms that Defendant possessed under U.S.S.G. § 2K2.1(b)(1)." By thus pleading guilty, the defendant admitted, *inter alia*, that at the time of his arrest in New Mexico, he was a fugitive from Idaho and that he possessed the two firearms found in his automobile, but reserved his right to contest, at sentencing, his possession of the remaining seven firearms found in the home of his estranged wife then living in New Mexico.

U.S.S.G. § 2K2.1(b)(1) provides that in determining a person's base offense level for violating 18 U.S.C.§ 922(g)(2), if the number of firearms involved was from eight to twenty-four, the base offense level should be increased by four levels.

The Pre-Sentence Report (PSR) set defendant's base offense level at twenty pursuant to U.S.S.G. 2K2.1 (a)(4)(B) and then recommended that his offense level be raised by four levels (to twenty-four levels) pursuant to § 2K2.1(b)(1)(B) based on a total of nine firearms, i.e., the two found in defendant's automobile at the time of his arrest and the seven firearms later found in the home of defendant's estranged wife. The issue of whether the defendant "possessed" the seven firearms found in his estranged wife's home was thoroughly probed at sentencing with the district court holding that six of the seven firearms found in defendant's estranged wife's home were "possessed" by the defendant. The

seventh firearm located in defendant's wife's home was determined to belong to, and was possessed by, defendant's wife. At the sentencing hearing, the defendant's estranged wife testified that she was keeping the guns found in her residence for the defendant.

After reducing defendant's offense level by three levels, i.e. to twenty-one, for acceptance of responsibility, the district court held that defendant's adjusted offense level was twenty-one, and that the defendant's criminal history category was III, resulting in a guideline range of imprisonment for 46 to 57 months. However, the district court made a downward variance from the guideline range and sentenced defendant to 41 months imprisonment. If the district court had not increased defendant's offense level by four levels for possessing eight firearms, the guideline range would have been 30 to 37 months imprisonment.

The issue presented is whether the district court erred in holding that the defendant "possessed" six of the seven firearms found in defendant's estranged wife's home. In so doing, the district court held that even though the six firearms here involved were found in the home of the defendant's estranged wife, they were, under the circumstances, "constructively possessed" by the defendant.

The defendant was arrested on April 12, 2006, by FBI agents, acting on a tip, in Santa Fe, New Mexico. We would observe that, when arrested, the defendant clearly "possessed" the two firearms found in his vehicle. And when asked by the arresting FBI agents if he had any other firearms, the defendant

stated that he did have other firearms which were stored in the home of his estranged wife in New Mexico. At the same time, the defendant gave consent to the agents to search his wife's home, and later, he assisted the agents in locating the firearms stored in his estranged wife's residence. Such is in our view sufficient to support the district court's holding that the defendant "constructively possessed" a total of eight firearms, two in his car and six in his estranged wife's residence, when arrested in New Mexico as a fugitive from a felony charge in Idaho. In support of our holding, *see United States v. Ruckman,* 59 Fed. Appx. 280 (10th Cir. Feb. 5, 2008), 2003 WL 255405. In that case we held that a finding by the district court that the defendant "constructively possessed" 25 firearms found in a bedroom he shared with his wife was not "clear error."

Further, the number and character of the firearms found in defendant's estranged wife's residence, under U.S.S.G. § 2K2.1 (b)(1), were "relevant conduct" to the charge in the indictment to which he pled guilty, i.e. of being a "fugitive and possessing" the two firearms found in his automobile which he was driving at the time of his arrest. The defendant, at the time he was arrested in New Mexico, was still a "fugitive" from a felony charge filed in Idaho some five years prior thereto. So, at the time of his arrest, the defendant was a "fugitive" possessing the two firearms found in his automobile and also, "constructively possessing," six of the seven firearms located in the residence of his estranged wife. The six firearms found in his estranged wife's house were "relevant" to the

weapons found in his car, to which charge defendant had pled guilty.

On appeal, the defendant also argues that the sentence imposed on him, i.e. 41 months, was "unreasonable" under the "parsimony clause," 18 U.S.C. § 3553(a). A sentence within a guideline range is presumptively "reasonable" under 18 U.S.C. § 3553(a), *United States v. Kristl*, 437 F.3d 1050 (10th Cir. 2006). The sentence imposed in the instant case, i.e., 41 months, was <u>below</u> the low end of a guideline range that was properly computed. We do not regard the fact that the defendant was a fugitive for some five years, instead of one or two for example, as necessarily being a "mitigating circumstance."

In sum, on April 12, 2006, the date when defendant was arrested in New Mexico, he was (1) a fugitive from a pending felony charge filed in Idaho some five years prior to his arrest; (2) possessed two firearms found in his car; and (3) constructively possessed six firearms found in his estranged wife's residence, which guns were "owned" by him and kept in his estranged wife's residence and that he knew they were there and had access thereto.

Judgment affirmed.

Entered for the Court


Robert H. McWilliams
Senior Circuit Judge

-5-